**Frank W. McCULLOCH et al., etc.,**
Appellants,

v.

**LIBBEY–OWENS–FORD GLASS CO.,**
Appellee.

No. 21744.

United States Court of Appeals
District of Columbia Circuit.

Argued April 19, 1968.

Decided June 7, 1968.

Petition for Rehearing Denied
July 25, 1968.
Certiorari Denied Jan. 13, 1969.
See 89 S.Ct. 618.

Mr. Laurence H. Silberman, Atty., National Labor Relations Board, of the bar of the Supreme Court of Hawaii, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and Solomon I. Hirsh, Atty., National Labor Relations Board, were on the brief, for appellants.

Mr. Guy Farmer and Mr. Arnold Bunge, Toledo, Ohio, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Mr. John A. McGuinn, Washington, D. C., was on the brief, for appellee.

Mr. Denison Kitchel, Phoenix, Ariz., filed a brief as amicus curiae.

Mr. Donald J. Sherbondy, Pittsburgh, Pa., filed a brief on behalf of PPG Industries, Inc., as amicus curiae.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and TAMM, Circuit Judge.

EDGERTON, Senior Circuit Judge:

The members of the National Labor Relations Board (the Board) appeal from a District Court order enjoining them from holding elections at two plants of the Libbey-Owens-Ford Glass Co. (the Company). We granted a partial stay which permitted the elections but restrained the Board from issuing any order based on them.

Ten of the Company's plants are involved in this litigation. Eight of them are members of a single collective bargaining unit and each of the other two is a separate bargaining unit. All three units are represented by United Glass and Ceramic Workers (the Union). The Union petitioned the Board for a unit clarification order combining the three units. After a hearing, the Board found that either the three existing separate bargaining units or a combined ten-plant unit would be appropriate and ordered elections at the two separate units to ascertain the views of the employees. After our grant of a partial stay the elections were held and the employees in each of the two voted to join the multiplant unit.

The Company contends that in the absence of a representation question the Board lacks statutory authority to hold elections and to join bargaining units through its unit clarification procedure. 29 C.F.R. § 102.60(b). The Board admits that there is no representation issue and that its action is novel but claims the requisite authority under § 9(b) of the National Labor Relations Act.[1] We intimate no opinion on this claim for we find that the District Court lacked jurisdiction to entertain it.

■ Judicial review of representation proceedings is very limited. Ordi-narily it must await an appeal from an unfair labor practice order. 29 U.S.C. § 159(d) (1958). A District Court may enjoin Board action, especially representation proceedings, only under highly exceptional circumstances.[2] It may correct a Board violation of a "clear, specific and mandatory provision of the Act." Lawrence Typographical Union v. McCulloch, 121 U.S.App.D.C. 269, 271, 349 F.2d 704, 706 (1965). It may enjoin threatened Board action which violates the Constitution. Id. at 273, 349 F.2d at 708. Since Congress expressly restricted judicial review in order to prevent delay in certification and to expedite the settlement of labor disputes,[3] the showing that the Board has violated the Act or deprived a plaintiff of constitutional rights must be strong and clear.

■ No such violation or deprivation appears in this record. As we said in Local 130, Internat'l Union of Elec., Radio & Machine Workers v. McCulloch, 120 U.S.App.D.C. 196. 201, 345 F.2d 90, 95 (1965):

* * * to say that there are possible infirmities in an action taken by the Board by reason of an erroneous or arbitrary exertion of its authority in respect of the facts before it is not to conclude that there is jurisdiction in the District Court to intervene by injunction. For such jurisdiction to exist, the Board must have stepped so plainly beyond the bounds of the Act, or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court * * *.

The Board's action in this case, if at all inconsistent with the Act, was certainly not so "plainly beyond" its bounds or so "clearly in defiance" of it. We therefore remand the case to the District

1. 29 U.S.C. § 159(b).

2. The major case is Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), in which the Court first recognized the possibility that in some exceptional circumstances the district court could exercise its general equity jurisdiction. In later cases, the Court has indicated that the exception is very nar-row. McCulloch v. Sociedad National de Marineros, 372 U.S. 10, 16, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963); Boire v. Greyhound Corp., 376 U.S. 473, 481, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964).

3. For a review of the legislative history see Leedom v. Kyne, 358 U.S. 184, 191 et seq., 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) (Brennan, J., dissenting).

Court with directions to dismiss the complaint.

Reversed and remanded.

TAMM, Circuit Judge (dissenting):

I would affirm the action of the District Court in this case. Under the authority of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the District Court had jurisdiction to enjoin the Board from acting in excess of its power and contrary to the provisions of the act. "This Court cannot lightly infer that Congress does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers." Leedom v. Kyne, *supra* at 190, 79 S.Ct. at 185. I believe the Board acted in excess of its authority and in clear contravention of § 9(c) (1)[1] in conducting an election where, as the Board expressly found in this case, there was no question of representation involved. It is my belief that as an express statutory prerequisite to the holding of any election there must exist a question concerning representation.

It is my view of this case that the Board has arbitrarily exercised a power that has neither been conferred upon it by Congress nor is implied by any phraseology contained in the act. The case illustrates the consistent tendency of administrative agencies to assume and exercise by accretion powers not granted to them specifically or by necessary implication. Undoubtedly in most instances this grasping for non-authorized powers is motivated by a sincere desire to perform more effective and efficient functions. I believe that the courts must insist, however, that the administrative agencies confine their operations specifically to those fields of activity which are bounded by the statutes which create their authority and authorize their operations. If additional power or functions are essential to a proper discharge of an agency's responsibilities, those powers or functions should not be self created but should be sought from the Congress.

---

1. 29 U.S.C. § 159(c) (1) (1964). The statute provides:

Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board * * * the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. *If the Board finds upon the record of such hearing that such a question of representation exists*, it shall direct an election by secret ballot and shall certify the results thereof. (Emphasis supplied.)