NATIONAL ASSOCIATION OF WOM-
EN'S AND CHILDREN'S APPAREL
SALESMEN, INC.,

v.

NATIONAL LABOR RELATIONS
BOARD.

No. 71–1185.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 9, 1972.

Decided July 5, 1972.

Mr. Herbert A. Levy, Washington, D. C., with whom Mr. Angelo V. Arcadipane, Washington, D. C., was on the brief, for appellant.

Mr. Stephen J. Solomon, Atty. N. L. R. B., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Chief of Special Litigation, and Charles N. Steele, Atty. N. L. R. B., were on the brief, for appellee.

Before Mr. Justice CLARK of the Supreme Court of the United States,* and TAMM and WILKEY, Circuit Judges.

Mr. Justice CLARK:

This is a representation case which was dismissed by the United States District Court for lack of jurisdiction of the subject matter. The National Association of Women's and Children's Apparel Salesmen, Inc. [NAWCAS] and District 65, Retail, Wholesale and Department Store Union, AFL–CIO [GUILD] complained that the National Labor Relations Board had deprived them of due process of law in violation of the Fifth Amendment in its consideration of the NAWCAS–GUILD petition to be certified as the bargaining representative of the salesmen for some 31 apparel manufacturers under § 9(c) of the National Labor Relations Act, 29 U.

* Sitting by dsignation pursuant to 28 U.S.C. § 294(a) (1970).

S.C. 151 et seq. In its hearing the Board limited its consideration to the status of NAWCAS as a labor organization—as had its Hearing Officer—and concluded that NAWCAS–GUILD was disqualified from acting as a labor organization because NAWCAS conducts a business enterprise in the same industry,[1] citing its decision in Bausch & Lomb Optical Company, 108 NLRB 1555, as controlling. NAWCAS–GUILD contends that, despite the Board's order limiting its consideration to the status of NAWCAS–GUILD as a labor union, the Board proceeded to consider and determine the issue of the independent contractor relationship of some of its members, a subject beyond the scope of the hearing. We have carefully considered the record and affirm the judgment.

■ It is hornbook law, as NAW-CAS–GUILD concedes, that in representation proceedings the federal district courts are without jurisdiction over the Board's rulings since by statute such rulings are reviewable exclusively in the Courts of Appeals, Sections 10(e) and (f) of the Act, if and when they form the basis of a subsequent unfair labor practice proceeding. McCulloch v. Libbey-Owens-Ford Glass Co., 131 U.S. App.D.C. 190, 191, 403 F.2d 916 (1968), cert. denied 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969); Boire v. Greyhound Corp., 376 U.S. 473, 477, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964). NAW-CAS–GUILD assert, however, that the Board deprived them of procedural due process and rely upon Fay v. Douds, 172 F.2d 720 (2 Cir. 1949). As this court said in McCulloch v. Libbey-Owens-Ford Glass Co., supra, the showing in such cases "that the Board has . . . deprived a plaintiff of constitutional rights must be strong and clear," 131 U.S.App.D.C. at 191, 403 F.2d at 917.

■ As we read the record, when the Board consolidated the 31 election petitions and limited the hearing to the question of the status of NAWCAS as a labor organization, it was clearly understood by all parties that the applicability of the doctrine of Bausch & Lomb, supra, would be considered in the light of the sponsorship by NAWCAS–GUILD of certain trade shows. The limitation of the hearing to the Section 2(5) question clearly could not have excluded this related issue, which was fully explored by the Hearing Officer and decided by him favorably to NAWCAS–GUILD. It appears to us that having cast its lot and won, it ill behooves NAWCAS–GUILD to now attempt to renege.

In considering the ultimate question to which the hearing was limited, i.e. the status of NAWCAS as a labor union, it was necessary to determine whether it was controlled so as to operate "not for the benefit of unit employees, but for the protection and enhancement of its business interests which are in direct competition with those of the employer at the other side of the bargaining table." The evidence showed that traveling salesmen who were required by NAWCAS to sign the standard form contract of the 31 manufacturers involved exercised "substantial majority control" over NAWCAS through their elected delegates to the annual NAW-CAS conventions. This contract, the Board found, established on its face that an "independent contractor" relationship existed. In reaching this conclusion the Board relied both on NAWCAS' relationship with its members as well as the former's method of conducting the trade shows. In addition, it found certain indicia of competition. For example, the approval of NAWCAS must be obtained before a manufacturer could exhibit its line at NAWCAS trade shows; manufacturers are prohibited from engaging

---

1. NAWCAS with its affiliates are principally engaged in carrying on trade shows for the sale of apparel by its traveling salesman members. The Board found it to be "engaged in the business of selling apparel in direct competition with apparel manufacturers."

in showroom sales of its line while the traveling salesman is exhibiting that line at a trade show; and, in addition, the traveling salesman receives credit for all sales of the line within his exclusive territory. The Board decided no issue as to the status of any individual traveling salesman as an independent contractor, since it was reserved for individual hearings at a time fixed in the future by the Hearing Officer.

Finally, the Board's door is always open in a representation proceeding—whether on new facts and circumstances or to reexamine facts found in an earlier proceeding. Indeed, in subsequent proceedings in this case the Board concluded that District 65 no longer stands in its relationship to NAWCAS so as to disqualify the former under the *Bausch & Lomb* doctrine from acting on its own to represent salesman employees, R & M Kaufmann, Division of Russ Togs Inc., 187 NLRB No. 20 (1970) (directing election) and 192 NLRB No. 14 (1971) (decision and order).

Affirmed.