PHYSICIANS NATIONAL HOUSE
STAFF ASSOCIATION et
al., Plaintiffs,

v.

Betty Southard MURPHY et
al., Defendants.

Civ. A. No. 77–358.

United States District Court,
District of Columbia.

Jan. 17, 1978.

Abraham L. Zwerdling, Janet G. Kohn, Washington, D. C., Murray A. Gordon (lead counsel), New York City, Howard Z. Rosen, Los Angeles, Cal., Lester Asher, Chicago, Ill., Bernard N. Katz, Philadelphia, Pa., for plaintiffs.

Carl L. Taylor, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on defendants' motion to dismiss or in the alternative for summary judgment, and on plaintiffs' cross-motion for summary judgment. The facts in this case are not in dispute. In 1974, Congress passed the Health Care Amendments, 88 Stat. 395 (July 26, 1974), to the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.*, which extended the jurisdiction of the National Labor Relations Board (hereinafter N.L. R.B.) to include employers who are nonprofit health care institutions. 29 U.S.C. § 152(2) (Supp. IV 1974). Plaintiffs are unincorporated associations whose memberships are composed of medical interns, residents, and clinical fellows (collectively referred to as house staff) at various nonprofit health care institutions. Prior to the enactment of the 1974 amendments, house staff associations in several states had been certified by state labor boards to engage in collective bargaining. After Congress passed these amendments, plaintiffs petitioned the N.L.R.B. to order the holding of elections to certify the house staff associations as the sole bargaining agents of the house staff members. In its first decision on this matter, *Cedars-Sinai Medical Center*, 223 N.L.R.B. 251 (1976), the Board concluded that although house staff members possessed "certain employee characteristics," they were "primarily engaged in graduate training" and "their status is therefore that of students rather than of employees" within the definition of employee provided in 29 U.S.C. § 152(3). Since a valid labor organization as defined by 29 U.S.C. § 152(5) must consist of employees, the Board decided that the house staff association was not eligible for union certification. The Board issued a series of similar decisions regarding the applications of other house staff associations. *University of Chicago*, 223 N.L.R.B. 1032 (1976); *St. Clare's Hospital*, 223 N.L.R.B. 1002 (1976); *St. Christopher's Hospital*, 223 N.L.R.B. 166 (1976).

After releasing these decisions, the Board, upon a petition to rehear, issued a revised opinion in *Kansas City General Hospital*, 225 N.L.R.B. No. 14A (November 8, 1976). In this revised opinion, the Board indicated that its intention in the series of prior decisions on the issue of representational status for house staff associations was to preempt this area from state regulation. In other words, the Board indicated that, in exercising its discretion and finding that house staff members were not employees, it was establishing a national labor relations policy that no collective bargaining rights should be extended to the house staffs, not even by state labor relations boards. The Second Circuit has found that this exercise of the preemption power was proper, *N. L. R. B. v. Committee of Interns and Residents*, 566 F.2d 810. (2d Cir., 1977), although the court there expressly declined to pass on the correctness of the Board's finding that house staff members were not employees and the associations were not, therefore, labor organizations. *Id.*, at 816.

Plaintiffs have filed this suit in District Court asking that this court (1) vacate the N.L.R.B.'s dismissal of the plaintiffs' representation petitions, (2) declare that plaintiffs are labor organizations and their members employees within the meaning of the Act, and (3) order the Board to assume jurisdiction over plaintiffs on this basis. Defendants, who are the members of the N.L.R.B., have moved for dismissal on the grounds that this court does not have jurisdiction over this matter and that the complaint fails to state a claim for which relief can be granted. Alternatively, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, the defendants have moved for summary judgment. For the reasons indicated below, this court holds that it should dismiss this action for want of jurisdiction.

The complaint before the court presents a traditionally troublesome jurisdictional question in the field of labor law. 29 U.S.C. § 160(f) provides that the United States Circuit Court of Appeals may review a final order of the N.L.R.B. which involves the finding or allegation of an unfair labor practice. The N.L.R.B. orders which plaintiffs in this case have asked the court to review contain no such unfair labor practice, and, therefore, review by this Circuit Court is foreclosed. *Local 130, Internat'l Union of Elec., Radio & Machine Workers v. McCulloch*, 120 U.S.App.D.C. 196, 201, 345 F.2d 90, 95 (1965). The N.L.R.B. orders involved in the present case are purely representational matters, and although Circuit Court review is not possible, the Act does not provide for District Court review of any kind. Faced with this situation, the Supreme Court has indicated that it will not lightly find that Congress intended to foreclose all review of such decisions. *Leedom v. Kyne*, 358 U.S. 184, 190, 79 S.Ct. 180, 185, 3 L.Ed.2d 210 (1958). Nevertheless, the Supreme Court and the United States Court of Appeals for the District of Columbia Circuit have clearly stated that a district court has jurisdiction to review such Board decisions only in exceptional circumstances.

In *Leedom v. Kyne, supra*, the Supreme Court confronted a situation in which the N.L.R.B., despite a finding that one group of employees was professional and another was non-professional, nevertheless ordered the two groups joined in one bargaining unit and an election held. The victorious union, which had originally represented only professional employees, brought suit to invalidate the Board's action. The union based its suit on the fact that 29 U.S.C. § 159(b)(1) expressly prohibits the mixing of professional and non-professional employees in one unit without the approval of a majority of the professional employees involved. The Board in this instance had refused to allow the professional employees to take a vote on the matter. Judge Matthews of the United States District Court for the District of Columbia took jurisdiction because of the clear violation of the act, and vacated the Board's decision. In affirming this, the Supreme Court stated that this was not a suit to review a decision within the Board's authority to make, but to

strike down an order of the Board made in excess of its delegated powers *and contrary to a specific prohibition in the Act.* Section 9(b)(1) is clear and mandatory.

*Id.* at 188, 79 S.Ct. at 184. Section 9(b)(1) created a statutory right, and the Board's action in derogation of this right was "an attempted exercise of power that had been specifically withheld" by Congress. *Id.* at 189, 79 S.Ct. at 184. The Court held that such exceptional circumstances warranted the District Court's taking jurisdiction.

*Kyne* is the leading case in this area, and plaintiffs would have this court read *Kyne* expansively. However, the Supreme Court has restricted the application of the *Kyne* doctrine. In *Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), the N.L.R.B. had ruled that Greyhound and the company holding the maintenance contracts for certain bus stations were joint employers of the maintenance employees. The district court, invoking *Kyne,* indicated that it felt that the Board had incorrectly assessed the facts in the situation, and therefore vacated the Board's order. The Supreme Court reversed. The Court recognized that normally N.L.R.B. orders are not reviewable absent a finding or allegation of an unfair labor practice. *Id.* at 476–77, 84 S.Ct. at 896. The Court indicated that although "this indirect method of obtaining judicial review imposes [a] significant delay upon attempts to challenge the validity of Board orders in certification proceedings," this was the Court's interpretation of Congress' intent. *Id.* at 477–78, 84 S.Ct. at 897. The Court then recognized two types of cases, both "characterized by extraordinary circumstances," in which district courts may take jurisdiction. *Id.* at 480, 84 S.Ct. at 898. One is a case like *Kyne, supra,* where the suit is not to review but to strike down an order of the Board made in excess of its delegated powers and contrary to a specific, mandatory provision of the Act. The other type of case occurs when a Board order presents a public question of national importance due to its international implication. *See McCulloch v. Sociedad Nacional de Marineros de Honduras,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963) (labor dispute involving the unionization of foreign nationals). Only the first, or *Kyne*-type case is relevant to the suit at hand, and the Supreme Court in *Boire* specifically commented on the narrow nature of the *Kyne* exception:

[W]hether Greyhound possessed sufficient indicia of control to be an "employer" is essentially a factual issue, unlike the question in *Kyne,* which depended solely upon construction of the statute. The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law. Judicial review in such situations has been limited by Congress to the courts of appeals, and then only under the conditions explicitly laid down in § 9(d) of the Act.

376 U.S. at 481, 84 S.Ct. at 899.

■■■ The Supreme Court's direction that the *Kyne* exception be narrowly applied has been followed closely in this circuit. In *Local 130, Internat'l Union of Elec., Radio & Machine Workers v. McCulloch,* 120 U.S.App.D.C. 196, 345 F.2d 90 (1965), the court affirmed the district court's dismissal of a suit to review an N.L.R.B. representational order, stating that Congress had given the Board the preeminent role in such disputes. *Id.,* 120 U.S. App.D.C. at 200, 345 F.2d at 94. Since the N.L.R.B. has developed an expertise in these matters, "the requisite showing of statute violation and constitutional deprivation must be strong indeed to justify" departing from the general rule of non-reviewability. *Id.* After reviewing the "limited exception" created by *Kyne,* the court stated:

[T]o say that there are possible infirmities in an action taken by the Board by reason of an erroneous or arbitrary exertion of its authority in respect of the facts before it is not to conclude that there is jurisdiction in the District Court to intervene by injunction. For such jurisdiction to exist, the Board must have

stepped so plainly beyond the bounds of the Act, or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court even before the Board's own processes have run their course. Infirmities short of this may exist in the Board's order here under attack, but that question is not now before us, any more than it was before the District Court; and we intimate no opinion with respect to it. Our inquiry is into the jurisdiction of the District Court to review the Board's order, and that injury touches only tangentially upon the merits of the order as those merits would be appraised in a statutory review proceeding.

*Id.*, 120 U.S.App.D.C. at 201, 345 F.2d at 95. In the absence of a finding of "palable disregard to the command of the statute," the district court has no jurisdiction over such a suit. *Id.*, 120 U.S.App.D.C. at 202, 345 F.2d at 96. Merely alleging such disregard in the complaint is not sufficient; the violation "of a clear, specific, and mandatory provision of the Act" must be proved. *Lawrence Typographical Union v. McCulloch*, 121 U.S.App.D.C. 269, 272, 349 F.2d 704, 706 (1965). The district court may not review the appropriateness of the Board's factual determinations. *Id.*, 121 U.S.App. D.C. at 272, 349 F.2d at 707. *Accord, McCulloch v. Libbey-Owens-Ford Glass Co.*, 131 U.S.App.D.C. 190, 191, 403 F.2d 916, 917 (1968). Similarly, when the alleged violation is not of the statute but of the Constitution, the showing of the deprivation of constitutional rights must be strong and clear. *National Ass'n of Women's and Children's Apparel Salesmen, Inc. v. N. L. R. B.*, 151 U.S.App.D.C. 77, 78, 465 F.2d 662, 663 (1972) (Board's discretionary determination that plaintiff was not a labor organization did not deprive plaintiff or procedural due process).

These cases make it clear that the burden plaintiffs must bear in proving that this court has jurisdiction is an extremely heavy one. Plaintiffs have sought to shoulder this burden first by urging the court to adopt the policy of the Administrative Procedure Act favoring judicial review. Plaintiffs place primary reliance in this regard on the

decision in *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975). That case involved review of the decisions of the Secretary of Labor, with court authority resting on 5 U.S.C. § 702, the general review provision of the Administrative Procedure Act. However, it should be noted that section 702 states:

> Nothing herein . . . affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground . . . .

A substantial body of law has developed in the area of district court review of N.L.R.B. representational decisions. As such, plaintiff is bound by this law, and must therefore show that this case involves exceptional circumstances in order to secure review.

■ An examination of this case indicates that the required exceptional circumstances are not present. There is no statutory mandate requiring that house staff members be treated as employees within the meaning of the Act. Plaintiffs cite various discussions in the legislative history to the effect that house staff members might not be supervisors within the meaning of the Act. However, in the end, Congress decided to leave such a determination to the Board for case-by-case factual decisions. S.Rep. No. 93–766, 93d Cong., 2d Sess. 6 (1974); H.R.Rep. No. 93–1051, 93d Cong., 2d Sess. 7 (1974), U.S.Code Cong. & Admin.News 1974, p. 3946. There is nothing in the legislative history to indicate that Congress decided to treat the question of employee status for house staff members any differently. The question of the status of house staff members as employees or as students is primarily a factual and definitional determination of the type traditionally left to the discretion of the Board. *See Amalgamated Clothing Workers of America, AFL–CIO v. N. L. R. B.*, 137 U.S.App. D.C. 93, 420 F.2d 1296 (1969). The Supreme· Court in *Boire v. Greyhound Corp., supra*, indicated that the determination of employer status was a factual decision. 376 U.S. at 481, 84 S.Ct. at 899. It is difficult to distinguish the determination of employer status from the determination of employee

status. Indeed, in the entire area of representational conflicts, the N.L.R.B. has developed an expertise to which this court must defer. *Local 130, Internat'l Union of Elec., Radio & Machine Workers v. McCulloch, supra,* 120 U.S.App.D.C. at 200, 345 F.2d at 94. Even absent such expertise, this court may not upset the Board's choice between two fairly conflicting views, even though the court may have made a different choice originally. *N. L. R. B. v. United Insurance Co. of America,* 390 U.S. 254, 260, 88 S.Ct. 988, 991, 19 L.Ed.2d 1083 (1968); *Universal Camera Corp. v. N. L. R. B.,* 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951).

■ Absent a plain violation of a mandatory provision of the National Labor Relations Act, this court may not strike down the Board's order denying plaintiffs the status of labor organization. Regardless of the equities of the situation, this court can find no Congressional creation of a right of house staff members to be employees within the meaning of the Act. Without such a right, it is difficult to see how this case can fit into the narrow exception created by the Supreme Court in *Kyne* and *Boire.* Because of this, this case must be dismissed since this court has no jurisdiction to hear it.