[Civ. No. 18472. Fourth Dist., Div. One. Aug. 16, 1979.]

DESSERT SEED COMPANY, INC., Plaintiff and Appellant, v.
GERALD A. BROWN, as Chairman, etc., et al.,
Defendants and Respondents;
UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Real Party in Interest and Respondent.

COUNSEL

Byrd, Sturdevant, Nassif & Pinney and Scott A. Wilson for Plaintiff and Appellant.

Marvin J. Brenner, Ellen Lake, Daniel G. Stone and Byron Georgiou for Defendants and Respondents.

Jerome Cohen, Sanford N. Nathan, Tom Dalzell, Ellen Greenstone, Diana Lyons, James Rutkowski and Kirsten Zerger for Real Party in Interest and Respondent.

## Opinion

**BROWN (Gerald), P. J.**—Dessert Seed Company, Inc. (Dessert) an agricultural employer subject to the Agricultural Labor Relations Act (ALRA), petitioned the superior court for a writ of mandate (Code Civ. Proc., §§ 1084-1086) to set aside a decision of the Agricultural Labor Relations Board (ALRB) which dismissed without a hearing Dessert's objections to the conduct of a representation election resulting in the election of the United Farm Workers of America, AFL-CIO (UFW) to represent Dessert's agricultural employees. Dessert filed its objections under Labor Code section 1156.3, subdivision (c), which provides: "Within five days after an election, any person may file with the board a signed petition asserting that allegations made in the petition filed pursuant to subdivision (a) were incorrect, that the board improperly determined the geographical scope of the bargaining unit, or objecting to the conduct of the election or conduct affecting the results of the election.

"Upon receipt of a petition under this subdivision, the board, upon due notice, shall conduct a hearing to determine whether the election shall be certified. . . ." The ALRB dismissed the petition because in its opinion the declarations submitted in support of Dessert's objections failed to establish a prima facie course of conduct constituting grounds to set the election aside.[1] Dessert contends entitlement to a hearing on the issue, under the mandatory statutory language.

The superior court declined to issue a writ of mandate because it believed (1) the ALRB has discretion to dismiss without hearing objections not equivalent to a prima facie showing of conduct warranting setting aside the election (*Radovich* v. *Agricultural Labor Relations Bd.*

---

[1] The applicable board regulation in effect at the time of these proceedings, California Administrative Code, title 8, section 20365 (c), provided as follows: "Where the objection alleges that the election was not conducted properly or that misconduct occurred affecting the results of the election, the original and each copy of the petition filed with the executive secretary pursuant to subsection (a) above shall be accompanied by a declaration or declarations setting forth facts which, if uncontroverted or unexplained, would constitute sufficient grounds for the Board to refuse to certify the election. The facts stated therein shall be within the personal knowledge of the declarant and shall set forth with particularity the details of each occurrence and the manner in which it is claimed that the defect or misconduct did affect or could have affected the outcome. Allegations of misconduct shall include identification of the person or persons alleged to have engaged in the misconduct and their relationship to any of the parties; a statement of where and when the misconduct occurred; and a detailed description of the misconduct including, where speech is complained of, the contents of what was said. Documents and exhibits offered in support of the objections petition shall be identified and authenticated in the declarations."

(1977) 72 Cal.App.3d 36, 45 [140 Cal.Rptr. 24]), and (2) the employer is not entitled to judicial review of the ALRB's nonfinal orders, but is relegated to the remedy of challenging the election by refusing to bargain with the union and ultimately, if found guilty of an unfair labor practice charge, seeking judicial review under Labor Code section 1160.8. (*United Farm Workers* v. *Superior Court* (1977) 72 Cal.App.3d 268, 275 [140 Cal.Rptr. 87]; *Nishikawa Farms, Inc.* v. *Mahony* (1977) 66 Cal.App.3d 781, 788 [136 Cal.Rptr. 233].)

Both in federal precedent under the NLRA and in the few California cases under the ALRA which have considered the issue of intermediate review of the agency decisions, the normal rule is nonreviewability of intermediate decisions unless the order falls within the narrow exceptions summarized in *Belridge Farms* v. *Agricultural Labor Relations Bd.* (1978) 21 Cal.3d 551, 556-557 [147 Cal.Rptr. 165, 580 P.2d 665]: "Although recognizing a general immunity from judicial review of determinations other than final orders of the board, federal courts have exercised their equitable powers to review such determinations when the complaining party raises a colorable claim that the decision violates constitutional right [citations] or exceeds a specific grant of authority [citations]. Refusal to issue a complaint based on an erroneous construction of an applicable statute also has been held reviewable under the court's general equitable power. [Citation.]" The origin of the exception in federal law is *Leedom* v. *Kyne* (1958) 358 U.S. 184, [3 L.Ed.2d 210, 79 S.Ct. 180]. The *Kyne* exception is viewed as a narrow one permitting intermediate review only where "the fact of a statutory violation cannot seriously be argued" (*Boire* v. *Miami Herald Publishing Co.* (5th Cir. 1965) 343 F.2d 17, 21, quoted in *United Farm Workers* v. *Superior Court, supra,* 72 Cal.App.3d 268, 274), or where the agency transgression is " ' "the type of gross transgression for which we invoke the label 'jurisdictional' or 'clear errors of law' . . . ." ' " (*Cadiz* v. *Agricultural Labor Relations Bd.* (1979) 92 Cal.App.3d 365, 382 [155 Cal.Rptr. 213].) The cases granting or denying intermediate review separate according to whether the agency decision involves fact finding exercise of discretion, for which review is not available, or whether it involves interpretation of its statutory powers or other clear cut legal issues, which will sometimes be reviewable, particularly if constitutional issues are involved or there is serious harm to the aggrieved party resulting from the denial of intermediate review.

So far, the following precedent has developed under the ALRA regarding intermediate review of nonfinal ALRB orders. Declaratory relief is not available to test validity of an order to bargain (*United Farm*

*Workers* v. *Superior Court, supra,* 72 Cal.App.3d 268). Board orders certifying a bargaining representative are nonreviewable by administrative mandamus (Code Civ. Proc., § 1094.5; *Nishikawa Farms, Inc.* v. *Mahony, supra,* 66 Cal.App.3d 781). A board order dismissing without a hearing objections to an election where no declarations were filed in support of the objection is nonreviewable (*Radovich* v. *Agricultural Labor Relations Bd., supra,* 72 Cal.App.3d 36). The decision of general counsel for the ALRB not to file an unfair labor practice charge complaint is nonreviewable (*Belridge Farms* v. *Agricultural Labor Relations Bd. supra,* 21 Cal.3d 551). But the superior court may review by writ of mandate a board order nullifying a decertification petition, where the board action was premised on its erroneous interpretation of the time limits for filing such a petition under the applicable statute, Labor Code section 1156.7 subdivision (c) (*Cadiz* v. *Agricultural Labor Relations Bd., supra,* 92 Cal.App.3d 365, hg. den. July 27, 1979).

■ Here, Dessert seeks review of the ALRB's decision to dismiss without a hearing election objections which in its opinion do not state a prima facie factual case. These facts are nearly identical to those in *Radovich* v. *Agricultural Labor Relations Bd., supra,* 72 Cal.App.3d 36, except in *Radovich* no declarations at all were lodged, whereas here declarations were lodged which the agency deemed insufficient. The reasoning of *Radovich,* however, is nevertheless relevant. There the court ruled the decision to dismiss without hearing was an exercise of factual assessment discretion, within the agency's power and nonreviewable because preliminary and nonfinal. The court said: "Our law favors the holding of hearings by administrative bodies. However, Labor Code section 1156.3 is not absolute. Certainly, reasonable rules and regulations (and we find the rules and regulations discussed in the opinion to be reasonable) are necessary to carry out the purposes of the Act. Otherwise, naked assertions of illegality unclothed with the raiments and accouterments designed to protect against an onslaught of inconsequential or frivolous or dilatory acts unsupported by even the undergarments of a prima facie case would frustrate the state policy as set forth in Labor Code section 1140.2." (*Radovich* v. *Agricultural Labor Relations Bd.,* 72 Cal.App.3d at p. 45.) (Fns. and citations omitted.)

The only case to date permitting review of nonfinal ALRB orders is *Cadiz* v. *Agricultural Labor Relations Bd., supra,* 92 Cal.App.3d 365. There, the question was a simple one of statutory interpretation regarding time limits for filing a decertification petition. Here the ruling decides the sufficiency of factual allegations. We think the latter type of decision is

not within the *Kyne* exception, but is rather the kind of ruling left within the discretion of the legislatively chosen centralized agency. (See *United Farm Workers* v. *Superior Court, supra,* 72 Cal.App.3d 268, 275.)

We are mindful of the hardship to Dessert of having to seek review by refusing to bargain and running the risk of an unfair labor practice charge, but the Legislature has mandated that remedy. As stated in *United Farm Workers* v. *Superior Court, supra,* 72 Cal.App.3d 268 at page 275: "Real parties claim that they face 'irreparable injury' by being subjected to the possibility of an unfair labor practice. We recognize that any party to a labor dispute faces that dilemma of the familiar rock of Scylla and the whirlpool of Charybdis. However, if a party (employer or union) were allowed to bypass the Board and go directly to the court seeking declaratory relief on the ground of irreparable injury, the result would substitute the court for the Board as the exclusive adjudicative body established under the Act. That would fly in the face of the legislative will. (See *Myers* v. *Bethlehem Corp.* (1938) 303 U.S. 41, 50-51 [82 L.Ed. 638, 643-645, 58 S.Ct. 459]. See also *Walker* v. *Munro* (1960) 178 Cal.App.2d 67, 77 [2 Cal.Rptr. 737].) In the absence of arbitrary and clearly unreasonable actions tantamount to gross abuse, pursuant to the legislative mandate the courts should leave the matter in the first instance to the Board—a centralized agency. The Legislature has in effect concluded that the inconvenience of deferring judicial review is a lesser evil than the potential chaos which would be created by permitting initial jurisdiction in the courts."

We do not agree with the decision of the ALRB to dismiss the election objections here without a hearing. Given Dessert had but five days to prepare them following the election (Lab. Code, § 1156.3 subd. (c)) the declarations are, in our view, sufficiently detailed to warrant a reversal in Dessert's favor, were this an appeal from a trial court order sustaining a demurrer to Dessert's pleading.[2] Here, however, we are bound to abstain

---

[2]We set out here the election objections Dessert filed, which the ALRB deemed insufficient to warrant a hearing.

"At the pre-election conference, on or about December 14, 1977, the Union through its attorney TOM DALZELL, expressed concern that if the election were held during the afternoon, that campaigning and electioneering would take place. The Union suggested that the election be held in the morning before the commencement of the workday. The Union stated that it wanted to avoid any 'tricks' or other factors that might affect the

from intervention because the legislatively mandated scheme insulates the agency from judicial interference before final order. We cannot say the dismissal amounts to the gross abuse or clearly unreasonable or arbitrary action which would justify our granting judicial review at this stage. The parties must await ultimate completion of the dispute before

---

election process.

"At the pre-election conference it was agreed that there would be no electioneering or campaigning on the morning of the election.

"Additionally, the parties agreed that a state agent of the A.L.R.B. would accompany the Company bus from the City of Calexico to the polling site.

"On the morning of the election, the UNITED FARM WORKERS OF AMERICA, A.F.L.-C.I.O., did wilfully and flagrantly violate the agreement of the parties.

"The Union through its organizers, actively engaged in campaigning and electioneering at the employee pickup location in Calexico. The Union inundated the Company bus with Union bumper stickers throughout its interior and exterior.

"The Union engaged in campaigning in and about the polling facility and gathered workers at the polling site in order to make campaign speeches.

"Further, some employees were lined up at the polling site and were wearing large-orange bumper stickers on their backs and Union leaflets displaying the Union emblem on their chests. In the words of one of the witnesses, they appeared to be 'walking Union placards.'

"All such conduct took place in the presence of the eligible voters and in the immediate polling area.

"The workers displaying the Union materials continued to do so during the election process while voters cast their ballots.

"It is the position of the employer that such conduct alone would be violative of the requisite 'laboratory conditions' as demanded by the standard established in the *General Shoe* decision. *General Shoe Corp.* 77 NLRB No. 18, 21 LRRM 1337 (1948).

"Additionally, however, both the National Labor Relations Board as well as the Agricultural Labor Relations Board have indicated that in cases where the parties have come to a mutual agreement as to the election process, those agreements will be honored, and any alleged violation will be closely scrutinized. *Tyler Pipe Industries, Inc.* 5 CA, 77 LRRM 2417 (1971), *Mann Packing Co., Inc.* 2 ALRB No. 15, ' . . . the Board will carefully scrutinize any alleged violation of the agreement to safeguard against resulting prejudice to the fairness of the election process.' *Perez Packing, Inc.*, 2 ALRB No. 13.

"During the election process, the observers for the UNITED FARM WORKERS OF AMERICA, A.F.L.-C.I.O., engaged in conversations with the eligible voters as they came up to cast their ballots.

"The Agricultural Labor Relations Board failed to properly conduct the representation election. By allowing the Union to campaign in and about the polling site on the morning of the election, and in violation of the agreement of the parties of which the Board was aware, the Board failed to exercise its duty to properly insure the fairness and impartiality of the election process.

"Further, the Board failed to meet its obligation to police the area when it allowed some workers to wear large pamphlets, bumper stickers and Union materials bearing the Union emblem on their bodies *during* the voting period and in the presence of the eligible voters.

"The Employer, DESSERT SEED COMPANY, INC., contends that each and every allegation, individually and separately constitutes sufficient grounds to set aside the election. Further, that all allegations should be considered cumulatively in an effort to determine the total affect that said conduct had on the results of the election." These allegations were followed by specific declarations giving individual names.

the ALRB and issuance of its final order, which is reviewable under Labor Code section 1160.8.

The judgment of the superior court denying a writ of mandate is affirmed.

Cologne, J., and Staniforth, J., concurred.