[No. AO15580. First Dist., Div. Four. Feb. 9, 1983.]

THOMAS S. CASTLE FARMS, INC., Plaintiff and Respondent, v.
AGRICULTURAL LABOR RELATIONS BOARD, Defendant and
Appellant;
UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Real Party in Interest and Respondent.

COUNSEL

Manuel M. Medeiros and Daniel G. Stone for Defendant and Appellant.

Littler, Mendelson, Fastiff & Tichy, Robert K. Carrol, Robert W. Drake and Kevin K. Cholakian for Plaintiff and Respondent.

Dianna Lyons, Carlos M. Alcala, Federico G. Chavez, Ellen J. Eggers, Daniel A. Garcia and Ina Gottlieb for Real Party in Interest and Respondent.

OPINION

POCHÉ, J.—The Agricultural Labor Relations Board (ALRB) appeals from a judgment of the San Benito County Superior Court issuing a writ of mandate compelling it to dismiss a certification petition filed by real party in interest, the United Farm Workers of America, AFL-CIO (UFW), with respect to the employees of respondent, Thomas S. Castle Farms, Inc. (Castle Farms).

The judgment is reversed.

*Facts*

On Tuesday, August 12, 1980,[1] the UFW filed a petition for certification of an election in the Salinas office of the ALRB. The petition requested the ALRB to proceed under Labor Code section 1156.3 to investigate and conduct an election among employees of Castle Farms.

Counsel for Castle Farms, Robert K. Carrol,[2] was notified of the filing of the petition the following day, August 13. On that same day, Carrol contacted Ricardo Ornelas, the ALRB agent assigned to investigate the petition. During this conversation, Carrol told Ornelas that he would file a response to the petition within 48 hours as required by the ALRB's rules. (See Cal. Admin. Code, tit. 8, § 20310.)[3] Castle Farms' response was filed in the Salinas office on August 14.

Carrol received a telephone call from Ornelas on August 15, at about 11 a.m. Ornelas told Carrol that he had informed the UFW that it had failed to submit an adequate showing of employee support for the petition.[4] Ornelas also told him that he had given the UFW an additional 24 hours to present an additional showing of interest pursuant to section 20300, subdivision (j)(2).[5] The grace period commenced at 11 a.m. on August 15. Carrol asked Ornelas to inform Castle Farms by 11 a.m., the following day, as to whether an adequate showing had been made by the UFW. Ornelas agreed to do that.

---

[1] Unless otherwise indicated, all dates refer to the 1980 calendar year.

[2] The declaration of Robert K. Carrol was attached to Castle Farms' "Objections to Conduct of Election and Conduct Affecting Results of Election" filed with the ALRB on August 29. (See p. 671, *infra.*) Because the ALRB did not conduct an evidentiary hearing on the objections, there is no administrative record on the facts. (See pp. 671-672, *infra.*) Accordingly the ALRB concedes for purposes of this appeal that the facts concerning the investigation of the election petition set forth in counsel's declaration may be taken as true.

[3] Unless otherwise indicated, all further references are to title 8 of the California Administrative Code.

[4] A petition for certification must be supported by a majority of the currently employed employees of the bargaining unit. (Lab. Code, § 1156.3, subd. (a).) Such a petition "may be filed in accordance with such rules and regulations as may be prescribed by the board . . . ." (*Ibid.*)

By ALRB regulation, "evidence that a majority of the currently employed employees in the bargaining unit sought in the election petition . . . shall be submitted with the petition." (§ 20300, subd. (j)(1), italics added.)

[5] Section 20300, subdivision (j)(2) provides in part: "The regional director shall conduct an administrative investigation to determine whether there exists an adequate showing of employee support, as required by Labor Code Section 1156.3(a), to warrant the conduct of an election . . . . If the regional director determines that there is insufficient showing of interest, he or she may grant the petitioner an additional 24-hour period, from the time the regional director notifies the petitioner that its showing of interest is insufficient, to submit additional showing of interest."

Neither Carrol nor any Castle Farms representative received word from Ornelas that night or the following day. Carrol did receive a telephone call from Ornelas on Monday, August 18, at about 1:35 p.m.[6] Ornelas informed him that the UFW had submitted an adequate showing of employee support and that an election would be directed. Ornelas told him that the showing had been received some hours after 11 a.m. on August 16, and that it had been received in *Hollister*.[7]

The election was conducted on August 20 and 21. Apparently, the UFW received the majority of the votes cast.[8]

On August 29, Castle Farms filed "Objections to Conduct of Election and Conduct Affecting Results of Election," wherein it alleged 23 objections to the election. Insofar as relevant to the instant proceeding, objection "1" raised the issue of the *untimeliness* of the showing of employee support[9] and objection "2" challenged the *location* of the filing of the evidence of employee support.[10]

On April 6, 1981, the Executive Secretary of the ALRB issued a "Notice of Allegations to be set for Hearing; and Order of Partial Dismissal of Objections Petition." Therein, objections "1" and "2" were dismissed on the ground that, "The regional director's determination of the adequacy of the showing of interest to warrant the conduct of the election is not reviewable. *Nishikawa*

---

[6]An election must be held within seven days following the filing of a petition. (Lab. Code, § 1156.3, subd. (a)(4).) August 18 was one day before expiration of the seven-day period.

[7]The ALRB has promulgated two regulations regarding the place of filing of an election petition: (1) "A petition for certification shall be filed in the regional office having jurisdiction over the geographical area in which all or part of the unit encompassed by the petition is located." (§ 20300, subd. (e)); and, (2) "A petition for certification shall be deemed filed upon its receipt in the appropriate regional office accompanied by proof of service of the petition upon the employer." (§ 20300, subd. (g).)

[8]We use the term "apparently" because there is no evidence in the record to support the proposition, although the parties have agreed in their briefs that the event occurred in the manner described.

[9]Objection "1" provided: "The Agricultural Labor Relations Board (hereinafter referred to as 'the ALRB'), through its representatives and agents, interfered with the fair operation of the election process and destroyed the necessary laboratory conditions by conducting the petitioned-for election despite the fact that the field agent assigned to this case admitted that an adequate showing of employee support for the Petition was not filed by the Petitioner, the United Farm Workers of America, AFL-CIO (hereinafter referred to as the 'UFW') in the Salinas Regional Office during either the original investigation or within the additional 24-hour period, in express violation of Sections 20300(i)(1) and 20300(j) of the Board's Rules and Regulations."

[10]Objection "2" provided: "The ALRB, through its representatives and agents, interfered with the fair operation of the election process and destroyed the necessary laboratory conditions by conducting the petitioned-for election despite the fact that the UFW's evidence of employee support was not filed in the Salinas Regional Office in express violation of Sections 20300(g) and Section 20300(j) of the Board's Rules and Regulations."

*Farms, Inc.* v. *Mahoney* [*sic*] (1977) 66 Cal.App.3d 781 . . .; 8 Cal. Admin. Code section 20300(j)(5)."[11]

Castle Farms filed an "Employer's Request for Review of Executive Secretary's Order of Partial Dismissal of Employer's Petition Setting Forth Objections to Election" on April 16, 1981. Therein, Castle Farms reiterated its argument that dismissal of the election was mandatory because of the untimely showing of interest and the improper location of the showing. On June 25, 1981, the ALRB issued an "Order Granting in Part and Denying in Part Employer's Request for Review; . . ." Therein, the board denied Castle Farms' request for review of objections "1" and "2" for the following reasons: "Objections Nos. 1 and 2, whether the UFW failed to submit a sufficient showing of interest, were properly dismissed because the Employer failed to submit any declaratory evidence in support of said objections indicating that the Board agent abused his discretion by accepting the UFW's showing of interest in support of its petition for certification after the 24-hour extension for submitting such showing of interest had expired, or that the Board's agent's conduct could have affected the outcome of the election. See also *Jack or Marion Radovich* (Jan. 20, 1976) 2 ALRB No. 12; *Radovich v. ALRB* (1977) 72 Cal.App.3d 36."[12]

Castle Farms then filed an "Employer's Request for Expedited Reconsideration of Board Order Granting in Part and Denying in Part Employer's Request for Review" on July 8, 1981. Therein, Castle Farms contended that the ALRB should reconsider the objections "1" and "2" because they raised the "extremely serious issues as to whether or not the Board, through its representatives and agents, interfered with the fair operation of the election process and destroyed the necessary laboratory conditions by conducting the petitioned-for election when its field agent *admittedly* accepted the Petitioner's evidence of employee support *several hours after* the expiration of the twenty-four (24) hour extended period at a location *other than* the required Salinas Regional Office . . . ." (Italics in original.) That request was apparently denied.

On July 23, 1981, Castle Farms filed a petition for a writ of mandate and a complaint for injunctive relief in the San Benito County Superior Court. On the same day, the superior court issued an alternative writ commanding the ALRB to dismiss the certification petition and "cease and desist" from taking any further action on the petition, or show cause why it had not done so, and issued an

---

[11]The only objections which were set for hearing were objections "10," "11," and "18"; the remainder were dismissed for reasons not pertinent to the instant appeal.

[12]The ALRB did reverse the Executive Secretary's dismissal of objections "12" and "19" and set them for hearing as well.

order to show cause why the requested injunction should not issue to the same effect. Hearings on both the alternative writ and the order to show cause were set for August 7, 1981.

On July 28, 1981, Castle Farms filed a "Motion for Order for Temporary Stay of Administrative Proceedings" in which it sought to restrain the ALRB from proceeding that day on its scheduled hearing on Castle Farms' objections. The motion was denied on that same day.

The matter came for hearing on August 28, 1981. At the conclusion of the hearing, the court indicated its intention to grant a peremptory writ of mandate. Thereafter, findings of fact and conclusions of law were filed. The trial court concluded that the ALRB had acted in excess of its "delegated powers" and contrary to its own regulations and to the Agricultural Labor Relations Act "by failing to dismiss the petition for certification and by accepting the petition for certification which was not timely filed and in a place other than the Salinas Regional Office." Judgment was entered on October 23, 1981, directing the issuance of a peremptory writ of mandate commanding the ALRB to dismiss the certification petition "forthwith" and to "cease and desist" from taking any further action on the petition. In addition, the judgment awarded Castle Farms "damages in the amount of costs incurred . . . including reasonable attorney's fees, as a direct result of [the ALRB's] conduct . . . ." A peremptory writ was issued on November 2, 1981.

### Discussion

*The trial court had no jurisdiction to command the ALRB to dismiss the election petition*

■ The Agricultural Labor Relations Act (ALRA; Lab. Code, § 1140 et seq.) was modeled in large part after the federal National Labor Relations Act (NLRA; 29 U.S.C. § 151 et seq.). (*Nishikawa Farms, supra,* 66 Cal.App.3d at p. 786; *J.R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 8 [160 Cal.Rptr. 710, 603 P.2d 1306].) Section 1160.8[13] of the ALRA pro-

---

[13]Labor Code section 1160.8 provides: "Any person aggrieved by the *final order* of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the *court of appeal* having jurisdiction over the county wherein the unfair labor practice in question was alleged to have been engaged in, or wherein such person resides or transacts business, by filing in such court a written petition requesting that the order of the board be modified or set aside. Such petition shall be filed with the court within 30 days from the date of the issuance of the board's order. Upon the filing of such petition, the court shall cause notice to be served upon the board and thereupon shall have jurisdiction of the proceeding. The board shall file in the court the record of the proceeding, certified by the board within 10 days after the clerk's notice unless such time is extended by the court for good cause shown. The court shall have jurisdiction to grant to the board such temporary relief or restraining order it deems just and proper and in

vides for judicial review by the Court of Appeal of a "final order" of the ALRB.

In *Nishikawa Farms, supra,* this court reviewed a judgment denying a petition for a writ of mandate to compel the ALRB to set aside a representation election. Nishikawa contended that the trial court erred in denying the petition because the ALRB had acted in excess of its statutory authority in scheduling, conducting, and certifying an election in the absence of a petition supported by a majority of the persons then employed by the bargaining unit. (At pp. 784-786.)

This court agreed with the position of the ALRB that the employer's claim was premature. Relying upon federal interpretation of the NLRA, we held that a certification order under section 1156.3 of the ALRA was not a " 'final order' " of the board within the meaning of section 1160.8: "therefore, it is not normally subject to judicial review except as it may be drawn in question by a petition for review of an order made under section 1160.3 of the act restraining an unfair labor practice. (See also Lab. Code, § 1158.)" (*Nishikawa Farms, supra,* 66 Cal.App.3d at pp. 786-788; accord *J. R. Norton Co.* v. *Agricultural Labor Relations Bd., supra,* 26 Cal.3d at pp. 10-11; *United Farm Workers* v. *Superior Court* (1977) 72 Cal.App.3d 268, 271 [140 Cal.Rptr. 87]; *Dessert Seed Co.* v. *Brown* (1979) 96 Cal.App.3d 69, 72-73 [157 Cal.Rptr. 598].)

Castle Farms urges that this case falls within the exception to this proscription of direct judicial review enunciated in *Leedom* v. *Kyne* (1958) 358 U.S. 184 [3 L.Ed.2d 210, 79 S.Ct. 180]. There the NLRB had conducted an election in a unit containing professional and nonprofessional employees without giving the professionals an opportunity to vote on whether they wished to be included in a single unit with the nonprofessionals. This action was in direct violation of section 159, subdivision (b)(1), of the NLRA. The NLRB did not contest that it had acted in excess of its jurisdiction; it challenged only the jurisdiction of the district court to entertain the suit. The United States Supreme Court upheld the

---

like manner to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the board. The findings of the board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive. [¶] An order directing an election shall not be stayed pending review, but such order may be reviewed as provided in Section 1158. [¶] If the time for review of the board order has lapsed, and the person has not voluntarily complied with the board's order, the board may apply to the superior court in any county in which the unfair labor practice occurred or wherein such person resides or transacts business for enforcement of its order. If after hearing, the court determines that the order was issued pursuant to procedures established by the board and that the person refuses to comply with the order, the court shall enforce such order by writ of injunction or other proper process. The court shall not review the merits of the order." (Italics added.)

exercise of jurisdiction by the district court, stating: "Plainly, this was an attempted exercise of power that had been specifically withheld. It deprived the professional employees of a 'right' assured to them by Congress. Surely, in these circumstances, a Federal District Court has jurisdiction of an original suit to prevent deprivation of a right so given." (358 U.S. at p. 189 [3 L.Ed.2d at p. 214].)

This court in *Nishikawa Farms, supra,* characterized the *Leedom* v. *Kyne* exception as a "'narrow one'". (66 Cal.App.3d at p. 789.) It is "not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law." (*Boire* v. *Greyhound Corp.* (1964) 376 U.S. 473, 481 [11 L.Ed.2d 849, 855, 84 S.Ct. 894].)

Even an erroneous assertion of authority is insufficient to invoke the *Leedom* v. *Kyne* exception: "[I]t seems clear that, in light of the congressional purpose behind limited review of certification proceedings, representation matters are enjoinable only where the fact of a statutory violation cannot seriously be argued and where the deviation resulted in a deprivation of a 'right' guaranteed by the Act." (*Boire* v. *Miami Herald Publishing Company* (5th Cir. 1965) 343 F.2d 17, 21, fn. omitted, cert. den., 382 U.S. 824 [15 L.Ed.2d 70, 86 S.Ct. 56]; see also *Boire* v. *Greyhound Corp., supra,* 376 U.S. at pp. 481-482 [11 L.Ed.2d at pp. 854-855]; *McCulloch* v. *Libbey-Owens-Ford Glass Co.* (D.C. Cir. 1968) 403 F.2d 916, 917, cert. den., 393 U.S. 1016 [21 L.Ed.2d 560, 89 S.Ct. 618]; *United Farm Workers* v. *Superior Court, supra,* 72 Cal. App.3d at p. 274.)

Castle Farms contends, and the trial court agreed, that the ALRB was compelled to dismiss the UFW petition because there was not a timely and proper showing of employee interest. In their view the showing of interest is a jurisdictional prerequisite for the ordering of an election. We disagree.

This court held in *Nishikawa Farms, supra,* 66 Cal.App.3d at page 793, that the showing of interest requirement is *not* a jurisdictional prerequisite to the ordering of an election: "Showing of interest serves the same purposes under the ALRA as it does under the NLRA; it permits the agency to devote its time and resources to those cases where there is some reasonable expectation that a bargaining agent will be selected. As respondents correctly contend, the 'showing-of-interest' requirements of section 1156.3, subdivision (a), do not create an employer right not to have an election, any more than section 9, subdivision (c)(1)(A), of the National Labor Relations Act establishes such a right; rather, the 'majority' and 'substantial number' . . . requirements each provide

the agency with a statutory basis for declining to investigate petitions where the absence of employee interests make it unlikely that the union-petitioner could prevail."

In short, irrespective of the merits of Castle Farms' arguments, the timeliness and location of the showing of employee interest were not jurisdictional prerequisites to the certification of election. Neither timeliness nor location is subject to judicial review at this stage. Castle Farms' remedy is to challenge the election by refusing to bargain with the union, and if found guilty of an unfair labor practice charge, to seek judicial review under Labor Code section 1160.8. (*Dessert Seed Co.* v. *Brown, supra,* 96 Cal.App.3d at pp. 74-76; *United Farm Workers* v. *Superior Court, supra,* 72 Cal.App.3d at p. 275; *J.R. Norton Co.* v. *Agricultural Labor Relations Bd., supra,* 26 Cal.3d at pp. 10-11, 18; *Nishikawa Farms, supra,* 66 Cal.App.3d at p. 787; *Radovich* v. *Agricultural Labor Relations Bd., supra,* 72 Cal.App.3d at p. 47.)[14]

The judgment is reversed.

Rattigan, Acting P. J., and Christian, J., concurred.

A petition for a rehearing was denied March 10, 1983.

---

[14]In light of our conclusion that the trial court did not have jurisdiction to issue the peremptory writ of mandate, it is not necessary to review the ALRB's contention that the court erred in awarding attorney's fees.