[Civ. No. 19731. Third Dist. Oct. 8, 1980.]

STATE BOARD OF EQUALIZATION, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
PETROLEUM CONTRACTORS, INC., Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Edward P. Hollingshead and Charles C. Kobayashi, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Jack B. Silver and George A. Krikes for Real Party in Interest.

**OPINION**

**PARAS, J.**—In this proceeding for extraordinary relief, petitioner challenges as an abuse of discretion respondent court's order denying petitioner's motion to strike the amended complaint of real party in interest and overruling petitioner's demurrer thereto. The underlying

action was brought by Petroleum Contractors, Inc., real party in interest, against petitioner, seeking the recovery of sales taxes which real party assertedly overpaid to its vendors who, in turn, overpaid petitioner.

As initially filed, the only parties to the underlying action were petitioner and real party. Petitioner had successfully moved for summary judgment on the ground that real party, in its status as a purchaser rather than a retailer, was not the taxpayer and thus lacked standing to sue for refund of sales tax reimbursement paid, or to be paid, to its vendors, the actual taxpayers. Respondent court, however, upon granting summary judgment, also granted real party leave to file an amended cross-complaint to bring itself within the rule of *Javor* v. *State Board of Equalization* (1974) 12 Cal.3d 790 [117 Cal.Rptr. 305, 527 P.2d 1153], which case declares a limited exception to the general rule prohibiting suits for tax reimbursement by anyone other than the taxpayer. Petitioner contends that the amended complaint, which joined as codefendants real party's vendors, failed to allege circumstances which would bring into play the *Javor* exception, and so contended in its motion to strike and its demurrer. Petitioner also urges the amended complaint is barred by noncompliance with the rule requiring exhaustion of administrative remedies precedent to the filing of suit. (See, *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 293 [109 P.2d 942, 132 A.L.R. 715].) The contentions are valid; the trial court's refusal to grant petitioner relief, as sought, was an abuse of discretion.

*Javor* was a class action brought on behalf of automobile purchasers who had erroneously paid to their retailers an excess sales tax reimbursement, which excess was in turn paid to the board. The fact of excess resulted from the repayment of federal excise taxes by the manufacturers to the various retailers, which amounts were not subject to sales tax. The affected retailers had no financial interest in seeking refunds of sales tax attributable to repaid excise taxes because those moneys would necessarily have to be refunded to the customer. Plaintiffs in *Javor* were thus placed in the position of lacking any means to recover overpaid tax since under existing law there was no procedure which would allow them to claim their refund from the board and their retailers, who had available to them the means to claim such refund, had no interest in doing so. Under those unique circumstances the Supreme Court held that "a [customer] who has erroneously paid an excessive sales tax reimbursement to his retailer who has in turn paid

this money to the Board, may join the Board as a party to his suit for recovery against the retailer in order to require the Board in response to the refund application from the retailers to pay the refund owed the retailers into court or provide proof to the court that the retailer had already claimed and received a refund from the Board." (*Javor*, 12 Cal.3d at p. 802.)

■ Unlike the plaintiffs in *Javor*, real party here does not lack a remedy. The amended complaint expressly alleges that several of the codefendant vendors have presently pending administrative refund proceedings against petitioner. In the event vendors are successful in those proceedings, any refund so obtained will be reachable by real party. The amended complaint in no way negates the availability of such relief; nor, unlike the situation in *Javor*, has it yet been established that there was in fact any overpayment of taxes. Moreover, it is clear from these very same allegations in the complaint that existing administrative remedies have not yet been exhausted. It is well settled that pending completion of those administrative proceedings, respondent court lacks jurisdiction. (*Abelleira v. District Court of Appeal, supra*, 17 Cal.2d at p. 293.)

Application for the writ herein was made on due notice to respondent and real party. Real party has filed opposition. This court is thus empowered to issue a peremptory writ without issuance of an alternative writ. (Code Civ. Proc., § 1088; cf. *Goodenough v. Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a writ of mandate issue directing respondent court to vacate its order denying petitioner's motion to strike the amended complaint and overruling petitioner's demurrer thereto and to enter, instead, its order granting the relief sought.

Regan, Acting P. J., and Finney, J.,* concurred.

A petition for a rehearing was denied November 4, 1980, and the petition of real party in interest for a hearing by the Supreme Court was denied December 4, 1980.

---

*Assigned by the Chairperson of the Judicial Council.