[Civ. No. 48339. First Dist., Div. Two. Nov. 5, 1980.]

CALIFORNIA COASTAL FARMS, Plaintiff and Appellant, v. AGRICULTURAL LABOR RELATIONS BOARD, Defendant and Respondent; UNITED FARM WORKERS OF AMERICA, AFL-CIO, Real Party in Interest and Respondent.

COUNSEL

Dressler, Stoll, Hersh & Quesenbery and Marion I. Quesenbery for Plaintiff and Appellant.

Ellen Lake, Manuel M. Medeiros, Daniel G. Stone and Edwin F. Lowry for Defendant and Respondent.

Marco E. Lopez, Carlos M. Alcala, Francis E. Fernandez, Carmen S. Flores and Dianna Lyons for Real Party in Interest and Respondent.

OPINION

**ROUSE, J.**—Plaintiff, California Coastal Farms (Coastal Farms), appeals from an order denying its petition for a writ of mandate which sought to compel defendant Agricultural Labor Relations Board of the State of California (Board) to adopt and implement certain rules and standards of picketing conduct and to do so in compliance with the procedural requirements prescribed by section 1144 of the Labor Code.[1]

Plaintiff, Coastal Farms, filed with defendant Board a charge that the real party in interest herein, United Farm Workers of America, AFL-CIO (UFW) had engaged in unfair labor practices by picketing the residences of plaintiff's employees.

The Board then issued a complaint against the UFW, based upon plaintiff's charge. The relief sought in the Board's complaint was that the UFW should cease and desist from picketing residences except under certain conditions specified by the Board.

Thereafter, in the superior court, the Board filed an application for an order to show cause and a temporary restraining order which sought to prohibit the UFW from picketing the residences of employees of Coastal Farms except under certain conditions which were substantially the same as those previously specified in the Board's complaint. These conditions included the following: (1) no more than 10 pickets could be located within a single block of a residential property occupied by an

---

[1]All subsequent statutory references are to the Labor Code, unless otherwise specified.

agricultural employee; (2) residential picketing could not commence prior to 9 a.m. nor end later than sunset; (3) no more than two pickets could leave a public sidewalk or public way to approach the entrance of a residence to solicit a conversation or interview with the occupants of the residence; and (4) the pickets could not verbally threaten the personal safety of the target individual or any members of his household. The court granted the order to show cause and the temporary restraining order.

Later, a hearing was held in the superior court on the Board's request for a preliminary injunction. Following that hearing, the court granted the preliminary injunction, but modified the conditions laid down by the Board in one respect: instead of the 10 pickets per block which the Board would have permitted, the court ruled that the number of pickets should be limited to 2 per block.

Coastal Farms then commenced this mandamus action against the Board. The gist of plaintiff's petition was that, when the Board laid down conditions for residential picketing in its complaint and in its applications for an order to show cause, temporary restraining order and preliminary injunction, it was adopting rules and standards without complying with the procedural requirements prescribed by section 1144. Plaintiff's allegations in its petition imply that the conditions on picketing imposed by the Board were insufficient to protect plaintiff's employees from coercion and the invasion of their privacy, and that plaintiff might thereafter be deprived of part of its work force during the peach harvest season. Plaintiff further alleged that the Board had acted improperly in adopting rules and standards without first giving interested parties, such as plaintiff, an opportunity to be heard and present arguments. Plaintiff sought a stay of the preliminary injunction which the Board had obtained and asked, instead, that the court issue its alternative and peremptory writ of mandate compelling the Board to adopt and implement picketing rules and standards in a manner consonant with the procedural requirements which plaintiff claimed were applicable.

In accordance with plaintiff's petition, the court granted an alternative writ and issued an order to show cause. The Board answered plaintiff's petition and also filed a demurrer thereto. Both parties filed memoranda of points and authorities, the Board contending, inter alia, that the making of rules and regulations was a discretionary act which

could not be controlled by mandamus and that the Board had acted properly in electing to proceed on a case-by-case basis rather than by enacting rules of general applicability.

The trial court held a hearing on the matter, following which it denied plaintiff's petition, concluding that it lacked jurisdiction to advise the Board on what rules it should adopt.

On appeal, plaintiff's initial argument is essentially the same as that raised in the trial court. Plaintiff asserts that the Board may not impose picketing conditions by means of an administrative complaint and applications for injunctive relief; rather, that the Board may regulate picketing only by following the statutory procedures which are prescribed for rule-making activities.

The Agricultural Labor Relations Act (§ 1140 et seq.) (ALRA) empowers the Board "to prevent any person from engaging in any unfair labor practice" defined in the act (§ 1160). Other provisions of the act authorize the Board to accomplish this goal by a variety of methods: for example, the issuance of an administrative complaint and a cease and desist order (§§ 1160.2, 1160.3) and the obtaining of a temporary restraining order, injunctive relief and enforcement orders from both the superior courts and the Court of Appeal (§§ 1160.4, 1160.6, 1160.8). After the Board has heard and determined the dispute giving rise to the alleged unfair labor practice (§ 1160.5), any person aggrieved by the Board's final order may obtain review of such order in the Court of Appeal (§ 1160.8).

Also, section 1144 provides that "The board may from time to time make, amend, and rescind, in the manner prescribed in Chapter 4.5 (commencing with Section 11371) of Part 1 of Division 3 of Title 2 of the Government Code, such rules and regulations as may be necessary to carry out the provisions of this part." The Government Code sections referred to required, inter alia, that notice of the proposed rule-making activity be given (former Gov. Code, § 11423, now § 11346.4) and that interested persons be afforded the opportunity to present written statements or arguments (former Gov. Code, § 11425, now § 11346.8).

The use of the permissive "may" rather than "shall" in section 1144 makes it clear that the statute merely confers an additional power upon the Board and authorizes it, in its discretion, to adopt such rules and

regulations as it deems necessary. We find nothing in the language of the statute which supports plaintiff's contention that the Board *must* control picketing, or any other unfair labor practice, through rules and regulations of general application, rather than by dealing with the problem on a case-by-case basis. It is apparent that the two remedies are independently available to the Board and that it is the Board which is vested with the authority to determine which remedy is most appropriate in a given situation. In *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 413 [128 Cal.Rptr. 183, 546 P.2d 687], the California Supreme Court affirmed the existence of a well-settled principle of administrative law that in discharging its delegated responsibilities the choice between proceeding by general rule or by ad hoc adjudication "'lies primarily in the informed discretion of the administrative agency.'" (Citing *Securities Comm'n* v. *Chenery Corp.* (1947) 332 U.S. 194, 203 [91 L.Ed. 1995, 2002, 67 S.Ct. 1575, 67 S.Ct. 1760].)

Plaintiff relies upon *San Diego Nursery Co.* v. *Agricultural Labor Relations Board* (1979) 100 Cal.App.3d 128 [160 Cal.Rptr. 822], as authority for the proposition that the Board may not establish policies on an ad hoc basis without complying with formal rule-making procedures, and that the courts have a duty to prevent the Board from doing so. However, that case is inapposite.

In that case, the Board had implemented an ad hoc "policy of external education" which, prior to the filing of a petition for a representative election, permitted the Board's agents to enter an employer's premises for the purpose of advising the employer and employees of their rights and obligations under the ALRA. (Pp. 131-132.) The appellate court held that the employer had properly been granted a preliminary injunction, which prohibited the enforcement of this "administrative ad hoc fiat" (p. 141) because the Board had not imposed the policy pursuant to any rule or regulation adopted in accordance with the procedural requirements prescribed by section 1144 and because there was no other provision of the ALRA which authorized the Board to impose such a policy. (Pp. 136-143.)

This case does not involve the implementation of an overall policy by ad hoc means. Here, the Board was exercising its statutory authority to issue an administrative complaint and apply for injunctive relief in order to prevent the members of a specific labor organization (UFW) from engaging in a particular unfair labor practice. Thus the case falls

directly within the purview of the rule that it is the Board which possesses the informed discretion to choose between proceeding by general rule or by ad hoc adjudication. (*Agricultural Labor Relations Bd.* v. *Superior Court, supra*, 16 Cal.3d 392, 413.)

Since section 1160.8 permits an aggrieved party to appeal from a final order of the Board, plaintiff had but to wait until the Board finally resolved this controversy and then exercise its right of appeal. It is only under unusual circumstances that a party is entitled to obtain relief from the courts prior to the rendition of the Board's final determination. If a party (employer or union) were allowed to bypass the Board and go directly to the court seeking declaratory relief on the ground of irreparable injury, the result would substitute the court for the Board as the exclusive adjudicative body established under the ALRA. That would fly in the face of the legislative will. In the absence of arbitrary and clearly unreasonable actions tantamount to gross abuse, and, in accordance with a legislative mandate, the courts should leave the matter in the first instance to the Board—a centralized agency. In effect, the Legislature has concluded that the inconvenience of deferring judicial review is a lesser evil than the potential chaos which would be created by permitting initial jurisdiction in the courts. (*United Farm Workers* v. *Superior Court* (1977) 72 Cal.App.3d 268, 275 [140 Cal.Rptr. 87], citing *Myers* v. *Bethlehem Corp.* (1938) 303 U.S. 41, 50-51 [82 L.Ed. 638, 643-645, 58 S.Ct. 459]; *Walker* v. *Munro* (1960) 178 Cal.App.2d 67, 77 [2 Cal.Rptr. 736].) The fact that the Board elected to deal with the UFW's residential picketing activities on an ad hoc basis rather than by means of a formally adopted rule of general application does not constitute a gross abuse of its discretion.

Plaintiff also claims that, since residential picketing involves a threat to the constitutional right to privacy,[2] the superior court had a duty to compel the Board to adopt rules of picketing conduct in accordance with the procedural requirements imposed by section 1144. In effect, plaintiff takes the position that whenever an unfair labor practice might infringe upon a constitutional right, the Board *must* respond by adopting formal rules of general application.

We are not persuaded. We find nothing in the ALRA or in the applicable case law to support such a proposition. Unfair labor practices

---

[2] At oral argument, all parties agreed that the question of an invasion of one's constitutional right of privacy is not before us in this case.

often involve threats to constitutional rights, but the existence of such a threat should not deprive the Board of its discretion to determine, on a case-by-case basis, whether a particular unfair labor practice should be dealt with by ad hoc adjudication or by the formal adoption of a rule of general application.

The order is affirmed.

Taylor, P. J., and Miller, J., concurred.