[Civ. No. 22607. Fourth Dist., Div. One. Mar. 20, 1981.]

CALIFORNIA COASTAL FARMS, INC., Plaintiff and Appellant, v. RICHARD M. DOCTOROFF, as Administrative Law Officer, Defendant and Respondent;
UNITED FARM WORKERS OF AMERICA, AFL-CIO, Real Party in Interest and Respondent.

**158**

---

COUNSEL

Dressler, Stoll, Quesenbery, Laws & Barsamian and Ronald H. Barsamian for Plaintiff and Appellant.

Ellen Lake, Manuel M. Medeiros, Edwin F. Lowry, Elise B. Manders and William B. Eley for Defendant and Respondent.

Dianna Lyons, Daniel A. Garcia, Marco E. Lopez, Carlos M. Alcala, Francis E. Fernandez, Carmen S. Flores, Federico G. Chavez and Ellen J. Eggers for Real Party in Interest and Respondent.

---

OPINION

**STANIFORTH, J.**—California Coastal Farms, Inc. (Employer) appeals the superior court's denial of its petition for extraordinary writ seeking to halt an administrative unfair labor practice hearing brought against the Employer and to disqualify the administrative law officer (ALO), Richard M. Doctoroff, assigned by the Agricultural Labor Relations Board (Board) to hear the case. The trial court denied the Employer's petition due to "lack of jurisdiction." The Employer appeals urging a denial of due process.

FACTS

The ALRB director filed a complaint charging the Employer, an agricultural business corporation, with a variety of unfair labor practices in violation of the Agricultural Labor Relations Act (Lab. Code, § 1140 et seq.). At a prehearing conference, the Employer filed a motion to disqualify Doctoroff under the Board's regulation (Cal.

Admin. Code, tit. 8) section 20263,[1] charging Doctoroff could not fairly and impartially decide the merits of the charges due to his bias and incompetency. Doctoroff refused to disqualify himself. The Employer renewed its motion the next day and then filed a third motion to disqualify during a continuance of the hearing; each time additional grounds were incorporated. Doctoroff each time refused to disqualify himself.[2] The Employer sought *no* review by the Board of Doctoroff's denial of their motion(s) but rather sought by "writ of prohibition in the nature of administrative mandamus" to obtain a superior court ruling on its motions to disqualify Doctoroff. Pending the superior court proceedings and this appeal, the underlying administrative hearing has proceeded to decision by Doctoroff (July 7, 1980) and the cause has been transferred to the Board (Cal. Admin. Code, tit. 8, § 20280).

---

[1]"Section 20263—Disqualification of Administrative Law Officer "(a) No administrative law officer shall try any motion, hearing, or other proceeding which involves a contested issue of law or fact when it shall be established as hereinafter provided that such administrative law officer is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

"(b) Whenever an administrative law officer shall have knowledge of any fact, which by reason of bias or prejudice makes it appear probable that a fair and impartial hearing cannot be held before him or her, it shall be his or her duty to immediately notify the executive secretary, setting forth all reason for his or her belief.

"(c) Any party may request the administrative law officer to disqualify himself or herself whenever it appears that it is probable that a fair and impartial hearing cannot be held by the administrative law officer to whom the matter is assigned. Such request shall be written, or if oral, reduced to writing within 24 hours of the request. The request shall be under oath and shall specifically set forth all facts constituting the ground for the disqualification of such administrative law officer. The request must be made prior to the taking of any evidence in an evidentiary hearing or the actual commencement of any other proceeding.

"If such administrative law officer admits his or her disqualification, such admission shall be immediately communicated to the executive secretary who shall designate another administrative law officer to hear the matter.

"Notwithstanding his or her disqualification, an administrative law officer who is disqualified may request another administrative law officer who has been agreed upon by all parties to conduct the hearing.

"(d) If the administrative law officer does not disqualify himself or herself and withdraw from the proceeding, he or she shall so rule on the record, state the grounds for the ruling, and proceed with the hearing and the issuance of the decision. The party requesting the disqualification may file exceptions to the hearing on the ground of the personal bias or disqualification of the administrative law officer along with exceptions to the decision."

[2]The Employer concedes the merits of these motions to disqualify are not before the court. The Employer's objections to Doctoroff were based upon his performance in an earlier ALRB administrative hearing (Kirschenmann Farms (1979) case Nos. 78-CE-26-D, 78-CE-26-1-D) in which it was claimed he acted in such fashion as to make his bias and incompetence "readily apparent." The Employer charged Doctoroff's performance had not improved in the present hearing.

## DISCUSSION

### I

The procedures to be followed by a party seeking to disqualify an ALO are set forth in California Administrative Code, title 8, section 20263 (*supra*, fn. 1). If the ALO refuses to disqualify himself, the moving party may file exceptions at the hearing (§ 20263, subd. (d)). Interim rulings by the ALO on motions are appealable in the discretion of the Board (§ 20240, subd. (f)). After a decision by the ALO, the case is automatically transferred to the Board for its findings and decision (§ 20240, subd. (f)). Decisions by the ALO, including interim nonappealed rulings, are reviewable in their entirety by the Board. A rehearing may be ordered. The final order of the Board is reviewable by an appellate court under Labor Code section 1160.8. Both the act and the procedures detailed in the California Administrative Code, title 8, section 20100 et seq. are patterned after the National Labor Relations Act (NLRA) and the National Labor Relations Board (NLRB) rules. The Board is directed to follow "applicable precedents of the National Labor Relations Act." (Lab. Code, § 1148.)

The Employer's lawsuit seeking equitable relief in the superior court, when viewed against this administrative backdrop, is at odds with statute and case law granting exclusive primary jurisdiction to the *Board* over all phases of the administration of the act as regards unfair labor practices (Lab. Code, § 1160.9; *United Farm Workers* v. *Superior Court* (1977) 72 Cal.App.3d 268, 271, 272 [140 Cal.Rptr. 87]); and is "at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy is exhausted. [Fn. omitted.]" (*Myers* v. *Bethlehem Corp.* (1938) 303 U.S. 41, 50-51 [82 L.Ed. 638, 644, 58 S.Ct. 459]; *Dessert Seed Co.* v. *Brown* (1979) 96 Cal.App.3d 69, 74, 75 [157 Cal.Rptr. 598].)

In *Myers* v. *Bethlehem Corp., supra*, 303 U.S. 41, 50-51, the employer sought in the United States District Court to enjoin the unfair labor practice proceedings claiming that the Board lacked jurisdiction over it because it was not engaged in interstate commerce. The United States Supreme Court construed the review procedures of the NLRA as "affording adequate opportunity to secure judicial protection against arbitrary action in accordance with the well-settled rules applicable to administrative agencies set up by Congress to aid in the enforcement of valid legislation." (*Id.*, at p. 49 [82 L.Ed. at p. 643].)

Thus the exclusive, primary jurisdiction of the NLRB in unfair labor practice cases was decisively vested in the Board and judicial interference in the Board's adjudication of unfair labor practices preempted with few and narrow exceptions.

The *Myers* v. *Bethlehem Corp.* decision has been uniformly followed by the federal courts. The appeals court in *Bokat* v. *Tidewater Equipment Company* (5th Cir. 1966) 363 F.2d 667 held the district court should have dismissed the employer's injunction action without looking further than *Myers*; the principle of administrative finality has special force where the interlocutory order sought to be reviewed relates to the agency's case handling procedures. In *Television Wisconsin, Inc.* v. *N.L.R.B.* (W.D.Wis. 1976) 410 F.Supp. 999, the employer sought injunctive and declaratory relief in the United States District Court contending that it was denied a fair trial in an unfair labor practice proceeding, in violation of its rights to due process and equal protection. The court held that the alleged infringement of rights could be corrected on review "exclusively in the appropriate Court of Appeals ...." (P. 1000.)

*Vapor Blast Manufacturing Company* v. *Madden* (7th Cir. 1960) 280 F.2d 205, cert. den. (1960) 364 U.S. 910 [5 L.Ed.2d 225, 81 S.Ct. 273], involved procedures of the Board. The employer had been denied the right to inspect the affidavits of witnesses which formed the basis for the issuance of the unfair labor practice complaint. Before commencement of the unfair labor practice hearing, the employer sued in district court to enjoin the hearing and to obtain a declaration of its right to inspect the affidavits in question. The company contended the denial of discovery would deny it due process and cause it irreparable injury because it would be unable to prepare fully for the unfair labor practice hearing. The district court denied injunctive relief and ruled it lacked jurisdiction.

The court of appeals held that the review provisions of the NLRA, 29 United States Code section 160 (e) and (f), which are available after the NLRB renders a decision and final order in an unfair labor practice case, provide a full opportunity for the company to raise all its claims, including its contention that it was deprived of procedural due process. No interlocutory judicial review was available. The court declared: "[M]erely raising a constitutional issue in its complaint for declaratory judgment, when full appellate review of the administrative proceedings is available and in the absence of any extenuating circumstances, is

insufficient to give the district court jurisdiction over the subject matter in the face of the well-established doctrine of exhaustion of administrative remedies." (*Vapor Blast Manufacturing Company* v. *Madden, supra,* 280 F.2d at p. 209.) (See also *Sears, Roebuck & Co.* v. *N.L.R.B.* (6th Cir. 1970) 433 F.2d 210; *McClain Industries, Inc.* v. *N.L.R.B.* (6th Cir. 1974) 521 F.2d 596.)

The *Myers* doctrine was applied in *Sears, Roebuck and Co.* v. *Solien* (8th Cir. 1971) 450 F.2d 353, where the Board's rules were claimed to be violated. The United States District Court was held to be without jurisdiction to enjoin the NLRB regional director from approving unfair labor practice settlement where charging party alleged it had been wrongfully excluded from settlement negotiations in violation of NLRB rules; the appeals court held that the Board is the proper forum to pass upon a claimed violation of its own rules. (*Id.,* at p. 355.)

Close in point is *Marlene Industries Corp.* v. *Weil* (M.D.Tenn. 1967) 64 L.R.R.M. 2402, where the employer sought (in the U.S. District Court) to enjoin further hearing in an unfair labor practice matter until the hearing officer was replaced by another trial examiner. The examiner was charged with "bias." The district court (under *Myers v. Bethlehem Corp.*) "lacks jurisdiction of the subject matter and that the procedures provided for by the Act do not offend any constitutional requirement." (P. 2403.)

 We conclude the procedures here complained of—refusal of the ALO to disqualify himself—do not breach the general statutory insulation from direct "over the shoulder" judicial supervision of Board decisions. Relief is available through the administrative process and ultimately by judicial review at the appeal court level. To uphold the Employer's contention would in effect substitute the superior court as the tribunal to hear and determine what the Legislature has declared the Board should hear and adjudicate in the first instance.

## II

The Employer contends the foregoing federal decisions are not applicable precedent because the NLRB rules allow for an interim appeal of the hearing officer's refusal to disqualify himself whereas it is argued the regulations here do not provide for relief through administrative process.

■ Section 20240, subdivision (f), patently allows a party to seek the Board's *discretionary* review of the ALO's "ruling on a motion." This language is so broad as to encompass the denial of disqualification order complained of here.

While no California case has been found interpreting the specific administrative recusal section here under scrutiny (§ 20263), yet the Supreme Court decision in *Andrews* v. *Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781 [171 Cal.Rptr. 590, 623 P.2d 151], interpreting the predecessor (§ 20230.4) ALO disqualification section is most instructive. *Andrews* procedurally involved appellate review of a final order of the Board under Labor Code section 1160.8. The ALO had denied a motion for disqualification for bias brought under section 20230.4. The Employer appealed the denial of disqualification decision to the Board but received an adverse ruling. A writ was then sought in the Court of Appeal but was denied summarily. The hearing then proceeded before the ALO to decision on its merits, whereupon the ALO transferred the cause to the Board as the rules required. The Board issued its final order without treating with the disqualification issue and appellate review processes followed. The Supreme Court looked to the substance of the bias charges and found no basis for disqualification under the rules. The Supreme Court held that section 20230.4 was not the analogue of Code of Civil Procedure section 170.6. It did not afford "virtually automatic disqualification" as provided in Code of Civil Procedure section 170.6. Rather, there must be a showing of actual bias. There must be "concrete facts that demonstrate the challenged judicial officer is contaminated with bias or prejudice." (*Andrews* v. *Agricultural Labor Relations Bd., supra,* 28 Cal.3d 781, 792.) While *Andrews* does not reach the issue here, yet the case illustrates in bold relief the procedural steps available where a party seeks to disqualify an ALO for bias. The Supreme Court points out (p. 788, fn. 1) that the superseding regulation (§ 20263) "[*has*] *minor procedural differences,* [yet] the substantive standard for disqualification is essentially the same." (Italics added.) ■ The regulation here authorizes appeal of interim ALO orders at the discretion of the Board. This is coupled with administrative review as a matter of right, when after decision by the ALO the cause is transferred automatically to the Board. No denial of procedural due process appears in these regulations.

■ Finally the Employer here made no attempt at any interim appeal challenging the denial of the disqualification motion. We can only speculate as to the outcome had such motion been made. The Em-

ployer has not approached, let alone exhausted, the administrative remedies.

We conclude this legislatively mandated scheme of administrative/appellate review insulates the agency from judicial interference on this procedural matter before final order of the Board. The Employer must await completion of the dispute before the Board and the issuance of its final order. The substance of this dispute may then be reviewed under Labor Code section 1160.8 by an appellate court. The trial court correctly determined it lacked jurisdiction to hear the petition.

Brown (Gerald), P. J., and Cologne, J., concurred.