[Civ. No. 62898. Second Dist., Div. One. Aug. 2, 1982.]

AMERICAN ALLIANCE INSURANCE COMPANY, Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

602

COUNSEL

Burkley, Moore, Greenberg & Lyman and Richard C. Greenberg for Plaintiff and Appellant.

George Deukmejian, Attorney General, Edmond B. Mamer and Herbert A. Levin, Deputy Attorneys General, for Defendant and Respondent.

OPINION

DALSIMER, J.—This case requires that we construe, apparently for the first time, certain language contained in the California Constitution, article XIII, section 28, subdivision (f), paragraph (3),[1] as well as virtually the same language contained in California Insurance Code section 685.1.[2]

The constitutional and Insurance Code sections referred to are part of the so-called "retaliatory insurance tax" levied by California and most of the other states of the union. California's law was held to be constitutional in *Western & Southern L. I. Co.* v. *Bd. of Equalization* (1981) 451 U.S. 648 [68 L.Ed.2d 514, 101 S.Ct. 2070]. The court determined, inter alia, that, ". . . the principal purpose of retaliatory tax laws is to promote the interstate business of domestic insurers by deterring other States from enacting discriminatory or excessive taxes." (*Id.*, at p. 668 [68 L.Ed.2d at p. 531].) Likewise, the California Assembly Interim Committee on Revenue and Taxation in volume 4, number 15 of the Insurance Tax, part 8 (Dec. 1964) page 66, stated, "The actual

[1]California Constitution, article XIII, section 28, subdivision (f), paragraph (3), provides in pertinent part: "The provisions of this paragraph (3) of subdivision (f) shall not apply as to personal income taxes, nor as to ad valorem taxes on real or personal property nor as to special purpose obligations or assessments heretofore imposed by another state or foreign country in connection with particular kinds of insurance, other than property insurance; except that deductions, from premium taxes or other taxes otherwise payable, allowed on account of real estate or personal property taxes paid shall be taken into consideration in determining the propriety and extent of retaliatory action under this paragraph (3) of subdivision (f)."

[2]Insurance Code section 685.1 provides: "This article shall not apply as to personal income taxes, nor as to ad valorem taxes on real or personal property nor as to special purpose obligations or assessments heretofore imposed by another state or foreign country in connection with particular kinds of insurance, other than property insurance; except that deductions, from premium taxes or other taxes otherwise payable, allowed on account of real estate or personal property taxes paid shall be taken into consideration in determining the propriety and extent of retaliatory action under this article."

rationale for the provision is that the application of the retaliatory laws acts as a deterrent to state taxation on the insurance industry." Decisions by the courts of this state are in accord. The court in *Western & Southern Life Ins. Co.* v. *State Bd. of Equalization* (1970) 4 Cal.App. 3d 21, 34 [84 Cal.Rptr. 88], stated, "The primary object of retaliatory acts against foreign corporations is to secure for the insurance companies of the enacting state even-handed treatment by the Legislatures of other states. [Citations.]"

Simply stated, the retaliatory tax provides that, if a foreign state charges a California insurance company a greater tax for doing business in that state than is levied by California on an insurance company doing business in California, then California will levy an additional tax upon insurers domiciled in that foreign state and doing business in California. The additional tax will be in an amount equal to the difference between the two taxes.

In the case at bench, the State Board of Equalization determined that appellant, a citizen of the State of Arizona, had to pay less tax in the State of California for the years 1971 and 1972 than a hypothetical citizen of this state would have had to pay for the privilege of doing business in Arizona. The respondent, State Board of Equalization, therefore imposed a retaliatory insurance assessment for each of those years. Appellant paid the assessments under protest and filed claims for refund. Treating the failure of the board to act upon the claims as a disallowance thereof, appellant filed complaints to recover said sums for each of the two years. Said actions were consolidated and tried, and appellant has appealed from the judgment in favor of respondent.

The dispute between the parties centers on the interpretation of that portion of the constitutional and Insurance Code provisions which state that the retaliatory tax "shall not apply as to personal income taxes, nor as to ad valorem taxes on real or personal property nor as to *special purpose obligations or assessments heretofore imposed by another state or foreign country in connection with particular kinds of insurance ....*" (Cal. Const., art. XIII, § 28, subd. (f), par. (3); Ins. Code, § 685.1; italics supplied.)

Appellant contends that the entire tax levied by the State of Arizona against workers' compensation insurance carriers such as ap-

pellant constitutes exclusively a *special purpose obligation* and therefor may not be taken into account in determining the retaliatory tax. For reasons we shall explain, we disagree with this contention and therefore affirm the judgment.

Arizona taxes workers' compensation insurers by means of a premium tax. (Ariz. Rev. Stats., § 23-961(F).) Other classes of insurers also pay a premium tax (Ariz. Rev. Stats., § 20-224), but the taxes paid by other insurers are placed in the state treasury to the credit and for the use of the general fund (Ariz. Rev. Stats., § 20-227), while taxes paid by workers' compensation insurers are held by the state treasurer in the general fund for the credit of the administrative fund. (Ariz. Rev. Stats., §§ 23-961(F), 23-961.01.) The administrative fund defers the expenses of the Arizona Industrial Commission, which is the tribunal charged with adjudicating workers' compensation claims. The administrative fund is subject to the same budgetary review and legislative appropriation as are all other state funds. (Ariz. Rev. Stats., § 23-1081(A).) Beginning on April 1, 1970, any administrative fund surplus is transferred annually to a special fund established to provide additional compensation to various classes of injured employees. (Ariz. Rev. Stats., §§ 23-1065, 23-1081(B).) The special fund also reimburses the state compensation fund for paying workers' compensation claims that an insurer or self-insured employer should but does not pay to injured employees. (Ariz. Rev. Stats., § 23-966(A).) Because of this earmarking of the taxes that are assessed against workers' compensation insurers, appellant claims that the Arizona tax constitutes a "separate special purpose obligation or assessment."

The distinction between taxes and assessments is clear. ■ Taxes are imposed for the general public good. On the contrary, assessments are levied for benefits conferred. (*County of Santa Barbara* v. *City of Santa Barbara* (1976) 59 Cal.App.3d 364, 379 [130 Cal.Rptr. 615].) The character of a levy as a tax or an assessment depends upon whether such levy is exacted in compensation for a benefit to the property upon which it is made a charge. (*Cedars of Lebanon Hosp.* v. *County of L. A.* (1950) 35 Cal.2d 729, 748 [221 P.2d 31, 15 A.L.R.2d 1045].) A special assessment is not, in a constitutional sense, a tax at all. (*Spring Street Co.* v. *City of Los Angeles* (1915) 170 Cal. 24, 29 [148 P. 217]; *Northwestern etc. Co.* v. *St. Bd. Equal.* (1946) 73 Cal.App.2d 548, 554 [166 P.2d 917].)

■ Appellant relies on *County of Fresno* v. *Malmstrom* (1979) 94 Cal.App.3d 974, 983 [156 Cal.Rptr. 777], for the proposition that special assessments are different from special taxes. As we read *County of Fresno* v. *Malmstrom*, the court therein supports the view of the respondent rather than of the appellant. The portion quoted by appellant in its brief very carefully omits the telling words of the *County of Fresno* court. That court stated, "A 'special tax' is a tax collected and earmarked for a special purpose, rather than being deposited in a general fund. [Citations.] A special assessment is charged to real property to pay for benefits that property has received from a local improvement and, strictly speaking, is not a tax at all. [Citation.]" (*Id.*, at pp. 983-984.) The *County of Fresno* court goes on to state, "A special assessment is distinguishable from a property-related special tax by the fact that a special assessment, being a charge for benefits conferred upon the property, cannot exceed the benefits the assessed property receives from the improvement; a special tax on real property need not so specifically benefit the taxed property. [Citations.]" (*Id.*, at p. 984.) This language reinforces the trial court's conclusion that the tax imposed on workers' compensation carriers by the State of Arizona is not a special purpose obligation or assessment "within the meaning of the California Constitution or Insurance Code," for the reason that it is not a charge for benefits conferred upon the taxpayer. We concur with the trial court's conclusion.

Remembering that the purpose of the retaliatory tax is ". . . to apply pressure on other States to maintain low taxes on California insurers," (*Western & Southern L. I. Co.* v. *Bd. of Equalization, supra,* 451 U.S. 648, 669-670 [68 L.Ed.2d 514, 531]), it is evident that this purpose would not be served by permitting other states to avoid the effect thereof by merely earmarking the result of such taxes to be used for specific state purposes. If, of course, the application of the tax revenue were applied in such a manner as to confer a benefit upon the taxpayer in exchange for the tax, then to such an extent the California insurer would not be burdened by the tax and there would be no occasion to apply the retaliatory tax. The maintenance of the Arizona Industrial Commission, the providing of compensation to various classes of injured employees, and the providing of reimbursement to the Arizona State Compensation Fund in no way benefits the workers' compensation insurers who pay such taxes.

Appellant argues that *Atlantic Ins. Co.* v. *State Board of Equalization* (1967) 255 Cal.App.2d 1 [62 Cal.Rptr. 784], appeal dismissed and

certiorari denied, 390 U.S. 529 [20 L.Ed.2d 86, 88 S.Ct. 1208], held that a certain special additional tax imposed by the State of Texas on premiums from motor vehicle insurers constituted a special purpose obligation or assessment. We disagree with appellant's reading of the *Atlantic Ins. Co.* case. The court therein concluded, "Since motor vehicle insurance is not clearly property insurance, it 'does not fall plainly within the letter of the law' and, therefore, the retaliatory tax can not be applied to assessments levied pursuant to Texas Insurance Code article 5.12." (*Id.*, at p. 17.) A close reading of the opinion of the *Atlantic Ins. Co.* court discloses that there was no holding that the Texas tax in question was a special purpose obligation or assessment. Cases are not authority for propositions not considered. (*People* v. *Burnick* (1975) 14 Cal.3d 306, 317 [121 Cal.Rptr. 488, 535 P.2d 352].)

The interpretation of the exclusion for "special purpose obligations or assessments" advocated by appellant, if adopted by this court, would create a loophole of such proportions as to in effect eradicate the retaliatory taxation provisions of the California Constitution and the Insurance Code. It would permit a foreign jurisdiction to heavily tax a particular class of insurer by the simple expedient of adjusting its bookkeeping methods so that the proceeds of the taxes would be designated for a particular purpose, thus benefiting the general fund by relieving it of the obligation to pay an ordinary governmental expense. We hold that the tax imposed by Arizona on workers' compensation insurance carriers is not a "special obligation or assessment" under California law.

■ Appellant contends that such portions of the California retaliatory insurance tax assessments against appellant as are allocable to the credits to the Arizona special fund established by Arizona Revised Statutes section 23-1065 are improperly levied. No such contention, however, was made by appellant when it filed its claims for refund. The Revenue and Taxation Code provides that a taxpayer must pursue the administrative remedy prior to filing an action to obtain a refund of insurance taxes. (Rev. & Tax. Code, §§ 12978-12982.) Revenue and Taxation Code section 12979 provides that a claim for refund must state the specific grounds upon which the claim is founded. Revenue and Taxation Code section 13102 provides that no suit shall be maintained in any court for the recovery of any amount unless a claim for refund has been duly filed in accordance with Revenue and Taxation

Code sections 12978 through 12982. Section 13103 of the Revenue and Taxation Code provides that any court action brought against the board for a refund must be on the grounds set forth in the claim for refund. The claim for refund thus frames and restricts the issues for litigation. (*King* v. *State Bd. of Equalization* (1972) 22 Cal.App.3d 1006, 1015 [99 Cal.Rptr. 802].) The refund action is confined to the grounds set forth in the refund claim. (*Id.*, at p. 1015.) ■ When administrative machinery exists for the resolution of disputes, the courts will not entertain such disputes until the administrative procedures are fully utilized and exhausted. To do so would be in excess of their jurisdiction. (*Horack* v. *Franchise Tax Board* (1971) 18 Cal.App.3d 363, 368 [95 Cal. Rptr. 717].) ■ As appellant did not state the grounds here urged in his claim for refund, this court is without jurisdiction to consider such claim.

Appellant contends that respondent, in computing the taxes for 1972 that a California insurer would be required to pay if doing business in Arizona, erroneously failed to consider the principal office deduction that Arizona, in computing its retaliatory insurance taxes, would grant to a California insurer. Again, appellant is varying its contentions on this appeal from those set forth in its claim for refund for the 1972 assessment. In its claim for refund, appellant erroneously contended that Arizona would grant a principal office deduction on substantially the same terms and conditions as does California for a California corporation doing business in Arizona. Appellant was contending in its claim for refund that Arizona would grant a principal office deduction against its own gross premiums tax, not that Arizona would grant such deduction against the Arizona retaliatory tax. For reasons heretofore stated, appellant's failure to set forth the contention in its claim for refund is a jurisdictional bar to the consideration by this court of such contention. In any event, the contention is untenable.

That Arizona, in computing the California and Arizona tax burdens under the Arizona retaliatory tax, would recognize California's principal office deduction is irrelevant to the comparison of California's tax on appellant and Arizona's tax on a California carrier doing business in Arizona. In properly applying its retaliatory tax, it is incumbent upon Arizona to accurately compute the California tax burden. Since Arizona did not, in the year in question, grant a principal office deduction against its gross insurance premium tax, respondent had no basis upon which to subtract such a principal office deduction in computing the

Arizona tax burden, as this, of course, is a deduction that Arizona did not grant.

The judgment is affirmed.

Spencer, P. J., and Soven, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.