[No. G002981. Fourth Dist., Div. Three. May 29, 1987.]

J. E. ROBINSON, Plaintiff and Respondent, v.
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING et al.,
Defendants and Appellants;
JOSEPHINE GRACE SAUL, Real Party in Interest and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Andrea Sheridan Ordin, Chief Assistant Attorney General, Marian M. Johnston and Henry Torres, Jr., Deputy Attorneys General, for Defendants and Appellants.

Grace E. Emery for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

OPINION

**WALLIN, Acting P. J.**—The Department of Fair Employment and Housing (Department) and the Fair Employment and Housing Commission (Commission) appeal a judgment issuing a writ of mandate commanding them to withdraw an accusation of sex discrimination against Dr. J. E. Robinson, a dentist. ■ Appellants contend the superior court was without jurisdiction to grant the writ because Robinson failed to exhaust his administrative remedies under the California Fair Employment and Housing Act (FEHA). (Gov. Code, § 12900 et seq.) Appellants are correct; this threshold issue is dispositive, and the judgment must be reversed.

Robinson employed six persons in his dental office. His receptionist worked five full days a week, his two dental assistants each worked four and one-half days, and his three dental hygienists each worked from one to four days a week. Real party in interest, Josephine Grace Saul, was a dental assistant in Robinson's office for several years before taking a six-week maternity leave. She was terminated on the day she returned to work. Saul filed a complaint with the Department alleging Robinson discriminated

against her because of her sex. The Department, after conducting a preliminary investigation, filed an accusation with the Commission. The case was then scheduled for an administrative hearing.

Rather than participate in the hearing, Robinson petitioned the superior court for a writ of mandate claiming he was not an employer under the FEHA because he did not regularly employ five or more persons. The court granted the petition, finding Robinson's failure to exhaust his administrative remedies did not bar judicial review and the Department and the Commission were without jurisdiction to proceed with the accusation against him.

The FEHA provides an elaborate scheme of a hearing (Gov. Code, §§ 12967, 12968, 12969, 12972, 11513), administrative review (Gov. Code, § 11517), and reconsideration (Gov. Code, § 11521). After these proceedings, written findings of fact and a determination are issued (Gov. Code, § 12970) and the decision is thereafter subject to judicial review by a petition for a writ of mandate (Gov. Code, § 11523, Code Civ. Proc., § 1094.5). The jurisdictional defect alleged by Robinson would have been considered by the Commission at the hearing on the merits had he chosen to participate. (Cal. Admin. Code, tit. 2, § 7440.) However, he sought to bypass this statutory scheme to resolve employment issues administratively by first seeking recourse in the superior court.

The trial court's intervention prior to Robinson's exhaustion of his administrative remedies violated fundamental principles of jurisdiction. Judicial review is unavailable until all administrative remedies have been exhausted, and "'a court violating the rule acts in excess of jurisdiction. . . .'" (*Morton* v. *Superior Court* (1970) 9 Cal.App.3d 977, 981 [88 Cal.Rptr. 533] quoting *Hollon* v. *Pierce* (1967) 257 Cal.App.2d 468, 475 [64 Cal.Rptr. 808].) This long-settled rule of judicial administration has been reiterated in a variety of similar contexts. (*San Diego Teachers Assn.* v. *Superior Court* (1979) 24 Cal.3d 1, 12-14 [154 Cal.Rptr. 893, 593 P.2d 838]; *Coalition for Student Action* v. *City of Fullerton* (1984) 153 Cal.App.3d 1194, 1197 [200 Cal.Rptr. 855]; *Thomas S. Castle Farms, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 668, 676 [189 Cal.Rptr. 687]; *American Alliance Ins. Co.* v. *State Bd. of Equalization* (1982) 134 Cal.App.3d 601, 608-609 [184 Cal.Rptr. 674, 30 A.L.R.4th 865]; *Alta Loma School Dist.* v. *San Bernardino County Com. on School Dist. Reorganization* (1981) 124 Cal.App.3d 542, 554-556 [177 Cal.Rptr. 506]; *Montebello Rose Co.* v. *Agricultural Labor Relations Bd.* (1981) 119 Cal.App.3d 1, 8, fn. 4 [173 Cal.Rptr. 856]; *Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673, 681 [172 Cal.Rptr. 844]; *California Coastal Farms, Inc.* v. *Doctoroff* (1981) 117 Cal.App.3d 156, 160 [172 Cal.Rptr. 552]; *California Coastal Farms* v. *Agri-*

*cultural Labor Relations Bd.* (1980) 111 Cal.App.3d 734, 740 [168 Cal.Rptr. 838]; *State Bd. of Equalization* v. *Superior Court* (1980) 111 Cal.App.3d 568, 571 [169 Cal.Rptr. 3]; *United Farm Workers* v. *Superior Court* (1977) 72 Cal.App.3d 268, 271 [140 Cal.Rptr. 87].) Moreover, this legislatively mandated policy promoting the resolution of disputes by specialized boards and fostering judicial economy has been well explained in the above cases. No more needs to be said here.

Robinson relies on a solitary case to rebut the exhaustion of remedies bar. In *Motors Ins. Corp.* v. *Division of Fair Employment Practices* (1981) 118 Cal.App.3d 209 [173 Cal.Rptr. 332], two employers sought writs of prohibition and/or mandate (Code Civ. Proc., § 1085) to restrain the Division and the Commission[1] from proceeding on an accusation, contending the Commission lacked jurisdiction because the Division had failed to comply with the prerequisites to the issuance of the accusation.

Notably missing from the opinion is any discussion of exhaustion of remedies; rather, a very different issue was presented to the court. The agencies argued administrative mandamus pursuant to Code of Civil Procedure section 1094.5, not ordinary mandamus under section 1085, was the only appropriate method to review adjudicatory administrative action. (*Id.,* at p. 215.) Observing that the employers had no right to a hearing prior to the filing of the accusation, the court concluded section 1085 mandamus was procedurally appropriate to challenge the agencies' preaccusation conduct. (*Id.,* at p. 216.) By contrast, Robinson had a right to a hearing and the opportunity to raise his jurisdictional challenge before the Commission. He elected to forego his administrative remedies. *Motors Ins. Corp.* does not persuade us to ignore established precedent and allow Robinson to obtain judicial review without first pursuing those administrative remedies.

Finally, Robinson complains the cumbersome and time consuming administrative route is an inadequate remedy at law. Since the preliminary jurisdictional issue is solely an issue of law, he contends the superior court's expeditious resolution promoted judicial economy as well as common sense. However, the exhaustion of remedies doctrine applies equally to questions of law and fact. (*People* v. *West Publishing Co.* (1950) 35 Cal.2d 80, 88 [216 P.2d 441].) Every litigant attempting to evade administrative proceedings could make the identical argument urged by Robinson here. Nevertheless, the Legislature has established these alternative means of resolving disputes to lessen the burden of the trial courts; and there is no compelling reason to

---

[1] Under the former Fair Employment Practices Act (Lab. Code, §§ 1410-1433) repealed by the Legislature in 1980, the Department was referred to as the Division of Fair Employment Practices and the Commission was referred to as the Fair Employment Practices Commission.

exempt Robinson from the administrative prerequisites to judicial review under the FEHA.

The judgment is reversed. The Department and Commission are awarded costs on appeal.

Sonenshine, J., and Crosby, J., concurred.

A petition for a rehearing was denied June 24, 1987, and the petition of plaintiff and respondent for review by the Supreme Court was denied August 19, 1987.