**Frances CROWN, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., an Arkansas Corporation; DOES 1–13, inclusive, Defendants–Appellees.**

No. 99–56791.
D.C. No. CV–98–09189–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 26, 2001.

Before HUG, DUHÉ [1] and TALLMAN, Circuit Judges.

## MEMORANDUM [2]

Frances Crown appeals the district court's grant of summary judgment in favor of Wal Mart Stores, Incorporated in her diversity action brought under the California Fair Employment and Housing Act (FEHA) alleging unlawful retaliation for her sexual harassment complaint. We review a grant of summary judgement de novo and we AFFIRM. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

This Court has previously noted that under California law, exhaustion of state administrative remedies is a jurisdictional prerequisite to a FEHA action.[3] *Stache v.*

---

**1.** The Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

**3.** We note, however, that subsequent decisions of state appellate courts have left California law unsettled as to whether exhaustion

*International Union of Bricklayers,* 852 F.2d 1231, 1233 (9th Cir.1988) (holding that where union member neither named defendant in her administrative charge, nor alleged facts implying that defendant discriminated against her, subsequent action would be dismissed for failure to exhaust administrative remedies).

▮ Crown filed FEHA complaints alleging sexual harassment by co-workers at Wal Mart. During Wal Mart's investigation of these allegations, the company discovered evidence of Crown's own misconduct of a sexual nature which led to the written warning which she alleges is retaliation. Crown did not file a separate administrative complaint for this alleged retaliation. Her FEHA complaint, however, encompasses any discrimination that is "like or reasonably related to" the allegations made in the sexual harassment charge. *Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1082 (9th Cir.2000).

Although one California Court of Appeal has concluded that a retaliation claim was neither like nor reasonably related to a discrimination claim, the court distinguished that case from those where an investigation into the charges alleged in the administrative complaint would have led to discovery and the opportunity to conciliate the charges that were not alleged. *Okoli v. Lockheed Technical Operations Co.,* 36 Cal.App.4th 1607, 1615, 43 Cal.Rptr.2d 57 (1995). Accordingly, under these unique circumstances, because Crown's alleged misconduct was discovered in the course of an investigation into her sexual harassment claim, and the written warning issued which Crown considers retaliatory was for this misconduct, her retaliation claim was reasonably related to

her FEHA complaint for sexual harassment. Thus, the exhaustion requirement has been fulfilled.

▮ To establish retaliation under California Government Code § 12940, Crown must prove (1) that she was engaged in protected activity, (2) that Wal–Mart subjected her to an adverse employment action and there was a causal link between the protected activity and Wal–Mart's action and (3) that Wal–Mart's explanation for its action was a pretext for the illegal consequence. *See Soldinger v. Northwest Airlines Inc.,* 51 Cal.App.4th 345, 367, 58 Cal.Rptr.2d 747 (1996). Subsequent to her own complaint to management that she was being sexually harassed by co-workers, Wal Mart issued Crown a written warning for her sexual comment to a co-worker and for showing sexually suggestive pictures of herself in the workplace. The district court concluded that this warning did not constitute adverse employment action and that even if it did Crown failed to show that Wal–Mart's reason for issuing it was mere pretext for its retaliatory motive. We agree.

▮ In analyzing what constitutes adverse employment action, California courts have examined whether the employer's actions resulted in a material change in the terms of employment, an impairment of employment in some cognizable manner or some other employment injury. *Thomas v. Department of Corrections,* 77 Cal. App.4th 507, 511, 91 Cal.Rptr.2d 770 (2000). Here, Crown received a written warning for misconduct. The "coaching for improvement form" did not threaten any adverse employment action, rather merely stated the behavior expected next

---

of administrative remedies implicates subject matter jurisdiction or is merely a procedural requirement that can be waived. *Compare Robinson v. DFEH,* 192 Cal.App.3d 1414, 239

Cal.Rptr. 908 (1987) *with Keiffer v. Bechtel Corp.,* 65 Cal.App.4th 893, 76 Cal.Rptr.2d 827 (1998).

time was that there be "no suggestive comments or behavior of a sexual nature" in the workplace. Crown contends that the written warning was "with a threat of termination," but no such threat appears on the warning itself or in the record. Crown also alleges that she will not be given the opportunity for promotion because of this warning. As the district court noted, however, she provides no evidence in support of this speculative statement. The district court correctly concluded that Crown's mere speculation was insufficient to make a prima facie showing of adverse employment action.

■ Additionally, the California Administrative Code on retaliation in employment discrimination includes an exception for reasonable discipline. Cal. Admin. Code tit. 2, § 7287.8(b). Thus, even assuming the written warning denied Crown an employment benefit, it clearly falls within this exception for reasonable discipline for her admitted behavior of a sexual nature in the workplace. Thus, Wal Mart carried its burden of satisfactorily articulating a legitimate, nonretaliatory reason for issuing Crown the written warning and Crown failed to offer sufficient evidence that this explanation was pretext.

AFFIRMED.

---

* The Honorable Frank J. Magill, Senior Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.